[No. 12089.    Department Two.    January 16, 1915.]

B. F. ALLISON, *Respondent*, v. CHICAGO, MILWAUKEE &
St. Paul Railway Company, *Appellant*.[1]

RAILROADS—INJURIES AT CROSSINGS—COLLISION WITH AUTOMOBILE
—CONTRIBUTORY NEGLIGENCE—EVIDENCE—SUFFICIENCY.  The plaintiff
was guilty of contributory negligence, as a matter of law, in run-
ning his automobile into a train on a spur track crossing a city
street, in the nighttime, where it appears that the automobile was
traveling fifteen miles per hour and could have been stopped within
fifteen or twenty-five feet, that its headlights enabled the plaintiff
to see an object within a radius of one hundred feet, which was
the width of the street, that the train, with signal lights in view,
was moving at about four miles an hour and was stopped before the
collision within four feet, after having moved into the street sixty
or seventy feet, and the box car first coming into the street was
struck with great force by the automobile within eight feet of the
front end of the car; since it is clear that the train came within the
zone covered by the headlights and could or should have been seen
by the plaintiff in time to have avoided the accident, when in fact,
plaintiff did not see the train until the moment of the impact.

Appeal from a judgment of the superior court for Pierce
county, Chapman, J., entered November 14, 1913, upon the
verdict of a jury rendered in favor of the plaintiff, in an
action for personal injuries sustained at a railroad crossing.
Reversed.

*Geo. W. Korte* and *H. S. Griggs*, for appellant.
*Dunkleberger & Heinly*, for respondent.

MAIN, J.—The purpose of this action was to recover dam-
ages for personal injuries and for damages to an automobile.
The cause was tried to the court and a jury.  The plaintiff
obtained a verdict for $575.  From the judgment entered
upon the verdict, the defendant appeals.  At appropriate
times, the appellant made motions for nonsuit, directed ver-
dict, and judgment notwithstanding the verdict.

[1]Reported in 145 Pac. 608.

The accident occurred on Pacific avenue, in the city of Tacoma, Washington, at a point about thirty feet south of the intersection of Twenty-sixth street with Pacific avenue. Almost opposite Twenty-sixth street, Delin street intersects Pacific avenue. On Pacific avenue there are two street car tracks at the point of collision. The street at this point is one hundred feet wide. The grade of the street at the point in question is four per cent rising to the south. Crossing Pacific avenue from east to west, and about thirty feet south of the intersection of Twenty-sixth street, is a spur track of the defendant company. This company has a franchise permitting the operation of trains over this track between one and five o'clock in the morning. At the intersection of Delin street with Pacific avenue, there is· an arc light. At the northwest corner of the intersection of Twenty-seventh street with Pacific avenue, there is an arc light, Twenty-seventh street being the next street south of Twenty-sixth street.

The plaintiff resides about one and one-half miles east of Parkland, which is approximately twelve miles south of Tacoma. The plaintiff, in going to Tacoma from his ranch and in returning, passes in and out over Pacific avenue. On the evening of May 3, the plaintiff left his ranch in his Pony Tonneau Chalmers-Detroit automobile. It was a thirty horse power car, built for four people. The plaintiff knew that the spur track crossed Pacific avenue, and had frequently passed over it, but testified that at no time had he ever seen cars upon the track. The respondent had driven an automobile for about seven years. His eyesight and hearing were good. Some years before he had been in the railway service as a brakeman.

On the evening of the day mentioned, he reached the city about 6:30 p. m., and from that time until 1:30 in the morning spent the time about the business section of the city, attended the Empress theater, and started home about 1:30. The night was a little misty, dark, or cloudy. Some of the

witnesses testified that it had been raining a little earlier in the evening. The pavement was wet. In going home, he was proceeding up Pacific avenue. At some point before reaching Twenty-sixth street, he met a street car. At this time, the defendant company was moving a train consisting of one box car loaded with flour, an engine, and tender, over to Commerce street, which was to the west of Pacific avenue. Going west, the box car was in front, and between the box car and the engine was the tender. This train, when it approached Pacific avenue, stopped for the street car to pass. At this stop, the end of the box car was about even with the sidewalk. According to the appellant's evidence, there were two brakemen on top of the box car, one near either end, each of whom had a lantern. When the train approached Pacific avenue, these brakemen signaled to stop; and the train was stopped until the street car had passed. After the street car had moved on, the brakemen, or one of them, then signaled for the train to start, and the signal was communicated by the fireman to the engineer. The train moved out into Pacific avenue at the rate of approximately three or four miles per hour. On the northwest corner of the box car was a red light. As the train came out upon the avenue, the plaintiff was approaching from the city. The brakemen testified that they saw him coming and that one of them signaled to him with the lantern from the top of the car to stop. But he not heeding the signal, and it becoming apparent that a collision was imminent, a signal was given for the train to stop. The emergency brakes were set and the train came to a standstill within about four feet. The plaintiff's automobile hit the box car about eight feet from the west end, demolishing the automobile to such an extent that it was deemed inadvisable to have it repaired. When the collision occurred, the train had moved out into the street a distance of sixty or seventy feet. The plaintiff was injured in his stomach and short ribs.

As to the manner of the accident, the plaintiff testified:

"The first indication I had of any obstruction in the street was, I noticed a car move up in front of me. The first thing I noticed to be certain of was the white letters on the dark brown. When I saw it I did all I could to stop. I slammed on the brakes for all I was worth and tried to stop, but I was very close to them. The color of the street and the color of the box car are so very alike at night you could not tell the difference."

Also: "I did not see them until I was right into them." He also testified that the lights upon his automobile were burning—this was denied by other witnesses—and that by means of these lights an object could ordinarily be seen within a radius of one hundred feet. He testified that there were no lanterns in sight, and that the arc light at the corner of Delin street and Pacific avenue was not burning.

Witnesses other than those who were members of the train crew and who were disinterested, testified that the red light was on the northwest corner of the box car; that the two brakemen were on top of the car, each with a lantern. One witness testified that the arc light at the northwest corner of Twenty-seventh street and Pacific avenue was burning. This does not appear to be denied.

The headlights of the plaintiff's automobile would light a zone of the street fifteen feet wide. The plaintiff testified that, at the time of the collision, he was going fifteen miles an hour in intermediate gear with one cylinder missing; and that he could stop the car within a distance of fifteen feet.

Whether the defendant's positive testimony that the red light was on the northwest corner of the box car and that the two brakemen were on top of the car with lanterns and that there was a headlight on the end of the tender next to the box car is sufficient to overcome, as a matter of law, the negative testimony of the plaintiff that there were no lights or anything of that kind, we need not determine. Neither do we need to determine whether the defendant was negligent in failing to have a flagman on the ground to prevent the

driver of an automobile from running his machine into the side of the box car. Aside from these questions, there are certain uncontrovertible facts, and facts which are controverted but which will be assumed to be in the plaintiff's favor, which bar a recovery. These facts are:

The automobile was traveling fifteen miles an hour. It could be stopped within fifteen feet. The headlights upon the automobile enabled the driver to see an object within a radius of one hundred feet. The arc light at the northwest corner of Pacific avenue and Twenty-seventh street was burning. The train was moving at a speed of about four miles an hour and was practically at a standstill when the collision occurred. The automobile struck the box car approximately eight feet from the west end thereof. If these facts are true, then the end of the box car came within the zone covered by the headlights on the automobile when the automobile was more than thirty feet distant. The box car, after coming within the zone of the lights, traveled twelve or fifteen feet going three or four miles per hour. While the box car was traveling this distance, the automobile going fifteen miles per hour would travel approximately forty feet. If, then, the automobile could be stopped within a distance of fifteen feet, or even within a distance of twenty-five feet, it is vividly apparent that the plaintiff saw, or should have seen, the box car in time to have avoided the collision. The fact is that he did not see it until almost the instant of the impact. One of the plaintiff's witnesses testified that he was two blocks away and heard the crash when the collision occurred. This seems to be one of those cases where the facts speak the law. The accident was plainly due to the respondent's contributory negligence.

The judgment will be reversed and the cause remanded with direction to dismiss the action.

CROW, MOUNT, ELLIS, and FULLERTON, JJ., concur.