JACOB BRENDER, as Administrator, etc., of BENJAMIN J. BRENDER, Deceased, Appellant, v. NEW YORK, ONTARIO AND WESTERN RAILWAY COMPANY, Respondent.

Third Department, June 30, 1919.

Railroads — negligence — collision at crossing — failure of automatic bell to ring and absence of flagman or other warning — degree of care required where railroad company provides flagman and automatic bell at crossing — erroneous dismissal of complaint.

In an action to recover for the death of plaintiff's intestate, who while driving a horse down hill came into collision with the defendant's engine at a crossing through a cut and was killed, it appeared that buildings came so close to the crossing on either side of the highway that it was difficult to see an approaching train. Held, under the evidence, that the jury could have found that the automatic bell provided by the defendant did not work; that no whistle, bell or signal was given; that the flagman was not on duty at the time, and that the intestate in driving down the hill was holding back his horse and looking in both directions.

The ordinary presence of a flagman at a crossing and the use of an automatic bell does not dispense with the necessity of caution by people traveling a highway across a railroad track, but the company by maintaining them hold out to the public an assurance of safety when the bell is not ringing and the flagman not present, and the same degree of care cannot be expected of a traveler upon a highway under such conditions as would otherwise be required.

The absence of a flagman, the fact that the bell did not ring and that no other warning was given and the confusion in the testimony of the eye-witnesses to the accident are facts which make this case peculiarly one for the jury.

APPEAL by the plaintiff, Jacob Brender, as administrator, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Sullivan on the 31st day of October, 1918, upon a dismissal of the complaint by direction of the court at the close of plaintiff's case.

Harry A. Goidel, for the appellant.

Carpenter & Rosch [Joseph Rosch of counsel], for the respondent.

JOHN M. KELLOGG, P. J.:

At Woodbridge crossing the railroad tracks approach the crossing through a cut, and buildings come close to the crossing

on either side of the highway, rendering it difficult if not impossible to see an approaching train until it is making the crossing. The plaintiff's intestate, driving a horse down hill, came into collision with the defendant's engine, causing his death. An automatic bell and a flagman were placed at the crossing, to notify people upon the highway of the approach of trains, and evidently the crossing was a dangerous one and required such precautions. The jury could have found that the automatic bell did not work and that no whistle, bell or signal was given, that the flagman was not on duty at the time and that the intestate, in driving down the hill to the crossing, was holding back his horse and looking in both directions. The ordinary presence of a flagman, and the use of the automatic bell, do not dispense with the necessity of caution by people traveling a highway across a railway track, but the company, by maintaining them, held out to the public an assurance of safety when the bell is not ringing and the flagman not present, and undoubtedly the same degree of care cannot be expected of a traveler upon a highway under such conditions as would otherwise be required. (*McNamara* v. *N. Y. C. & H. R. R. R. Co.*, 136 N. Y. 650; *Elias* v. *Lehigh Valley R. R. Co.*, 226 id. 154.)

There were several eye-witnesses to the accident, some of whom were sworn through an interpreter, and it is difficult to grasp just what each witness saw. The witnesses, if they saw accurately, do not seem to have the ability to make known clearly what they did see and, as to each of them, it is a fair question for the jury to interpret their evidence and to determine just what it means. The absence of the flagman, the fact that the bell did not ring and that no other warning was given, the confusion in the testimony of the eye-witnesses, are facts which make this peculiarly a case for a jury.

The judgment should, therefore, be reversed and a new trial granted, with costs to the appellant to abide the event.

All concurred.

Judgment reversed and a new trial granted, with costs to the appellant to abide the event.