MITCHELL PERLEE SCOTT, Respondent, *v.* DELAWARE, LACKA-WANNA AND WESTERN RAILROAD COMPANY, Appellant.

BERT SCOTT, Respondent, *v.* DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, Appellant.

Third Department, January 17, 1928.

Railroads — crossing accidents — plaintiffs' automobile collided with box car standing on street crossing — accident occurred at about eleven p. m.— plaintiffs not guilty of contributory negligence as matter of law — negligence not shown on part of defendant.

The plaintiffs, driving an automobile on a public street in the city of Norwich about eleven P. M., ran into a freight car standing on a street crossing.   The night was dark but clear.   A street light, some distance away, did not illuminate the crossing.   The plaintiffs approached the crossing on a down grade, and there is evidence that the lights on the automobile, which were legal, shone beneath the car so that the car was not visible to the plaintiffs until they were too close thereto to stop in time to avoid collision.   There is no evidence of similar accidents at that crossing, or anything to warn the defendant that it was hazardous to permit a freight car to stand on the crossing without guards to warn the traveling public.   It cannot be said that the plaintiffs were guilty of contributory negligence as a matter of law.

The evidence does not show that the defendant was guilty of negligence in permitting the freight car to stand on the crossing.   Negligence cannot be predicated on the failure to have gates in operation at the time when the accident occurred.   Nor can negligence be predicated on the fact that defendant did not post members of the train crew on each side of the car with lanterns to warn the public, since there was nothing to show that the placing of the car on the crossing created a hazardous condition.

APPEAL in each of the above-entitled actions by the defendant from a judgment of the Supreme Court, entered in the office of the clerk of the county of Chenango on the 20th day of January, 1927, and also from an order in each action entered in said clerk's office on the 27th day of January, 1927.

*C. V. Byrne,* for the appellant.

*Ward N. Truesdell,* for the respondents.

DAVIS, J. The plaintiffs, driving easterly in an automobile on Rexford street in the city of Norwich, collided with a box car of the defendant standing on the railroad crossing. This car was a part of a freight train proceeding south, which had temporarily come to a stop. How long it had been standing at the crossing is not stated.

The accident occurred about eleven P. M. on May 29, 1926. The night was ordinarily dark, being clear with no rain or mist. A street light a short distance away did not illuminate the crossing. The plaintiff Mitchell Scott was driving. Rexford street was paved and there was a moderate down grade east toward the track — the grade rising again beyond the crossing. The lights on the automobile were turned on and illumined the road ahead. These lights complied with the law, having been recently inspected. The evidence is to the effect that the automobile was proceeding at a slow rate of speed, and that the plaintiffs were vigilant. The testimony of the plaintiffs is that because of the descending grade these lights passed underneath the car so that it was possible to see the highway beyond the crossing, but did not disclose the presence of this dark red freight car to those in the approaching automobile. Both plaintiffs were familiar with this crossing although neither had been over it at night. The sill of the box car was three feet two and three-quarter inches above the top of the rail, and the car was thirty-eight feet long and more than thirteen feet high, measuring from the top of the rail. Underneath the car were the usual truss rods and other equipment, occupying considerable space between the sill and the roadbed.

The plaintiffs did not observe the car until almost at the moment of collision. These actions are based on negligence and the plaintiffs, respectively, havere covered judgments for injury to property and personal injuries.

In order to maintain an action for negligence producing injury to the person or property, there must exist some obligation or duty to the plaintiff which the defendant has left undischarged or unfulfilled. (*Sweeny* v. *Old Colony, etc., R. R. Co.*, 10 Allen, 368.) The degree of care owing to another under any given circumstances is that which would be exercised by an ordinarily prudent person. The concept generally is, what would such a person recognizing a duty or obligation, do or omit to do when confronted by the situation? It usually depends upon what may be reasonably foreseen or anticipated in relation to consequences which will probably follow. There are, of course, accidents which may not be anticipated by the exercise of the highest degree of human foresight. These accidents are often termed inevitable and unpre-

ventable. There are others not reasonably capable of being foreseen, which after they occur may be studied and analyzed as to causation, and acts and methods discovered whereby they might have been prevented had the experience gained by such knowledge been possessed prior to the occurrence. Still others occur, which the typically prudent man would have anticipated and might have prevented by taking proper and necessary precautions. Generally speaking, it is only in the latter case where actionable negligence exists and recovery of damages may be had. The line of demarcation between these classes is often indistinct; and at times the determination of the class into which a given accident falls may seem arbitrary and dogmatic. Applying the rules of duty and obligation and of reasonable foresight and care to the facts of this case, we think this accident falls into the second class.

Accidents where there is collision between a vehicle and a railroad car standing on a highway crossing are rare but not unknown. The only reported case of that kind in this State to which our attention has been called is that of *Beach* v. *Delaware, L. & W. R. R. Co.* (162 App. Div. 928), decided without written opinion. The record in that case indicates that it was similar in many respects to the cases under consideration. The complaint was dismissed on the ground that the plaintiff failed to establish any actionable negligence on the part of the defendant.

There are similar cases in other jurisdictions. In several recovery was denied on the ground of the contributory negligence of plaintiff. (See *Farmer* v. *New York, N. H. & H. R. R. Co.*, 217 Mass. 158; *Orton* v. *Pennsylvania R. Co.*, 7 F. [2d] 36; *Allison* v. *Chicago, M. & St. P. R. Co.*, 83 Wash. 591; 145 Pac. 608; *Brinson* v. *Davis*, 32 Ga. App. 37; 122 S. E. 643.) Under the evidence in this case we do not feel justified in holding that the plaintiffs were negligent as a matter of law. (See *Leykauf* v. *New York Central R. R. Co.*, 239 N. Y. 565.)

If liability exists here, it must depend upon the negligence of the defendant. Ordinarily, common experience suggests that a large box car occupying a highway crossing is of itself sufficient notice of its presence and that the highway is obstructed. In any situation holding probable danger, reasonable precautions readily suggest themselves to the mind of the typically prudent man. There seemed to be no definite theory on the trial of this case as to just what further duty or obligation the defendant owed to travelers under the circumstances, or just what measures it should have taken to prevent this unusual occurrence. While other witnesses were permitted to testify that on different occasions without discovering its presence, they had approached very close to a car standing on

this crossing under somewhat similar conditions, in each case no accident followed and it did not appear that the defendant had notice that any such danger had impended. It is not enough in such a case to submit the question of liability for negligence to a jury with general instructions applicable only to familiar situations and based on principles of ordinary care. There must be something definite and tangible that takes the question out of the realm of surmise and speculation.

It is suggested now that the railroad company should have lowered the gates maintained at this crossing. There were such gates operated during the hours between seven-thirty A. M. and seven-thirty P. M. with a printed notice to that effect maintained at the crossing. There can be no certainty that these gates if lowered would have been of any value to the plaintiffs; and there is no proof that they were relying on the gates. There was no legal duty on the defendant to operate the gates except as required by statute or ordinance, or where it knew there was some unusual danger. (*Grand Trunk R. Co.* v. *Ives*, 144 U. S. 408, 421.) The failure to operate them at any given time would bear more on the question of the contributory negligence of the plaintiffs than on the negligence of the defendant in a situation of this kind. (*Elias* v. *Lehigh Valley R. R. Co.*, 226 N. Y. 154; *Brender* v. *New York, O. & W. R. Co.*, 188 App. Div. 314.) We think that negligence of the defendant cannot be predicated on this failure to have gates in operation at this late hour in the night when traffic on the highway would naturally be light, and where a large box car itself gave more conspicuous notice that the crossing was occupied.

The further suggestion is made that a person with a lantern should be posted at the crossing to give notice. Naturally it would be a member of the train crew. It does not appear of how many persons the train crew consisted; but if such notice was to be given, it would have been necessary to have had one man on each side of the car. In view of the fact that the defendant had no notice that the condition created at the crossing was unusually hazardous, we think it was not reasonably bound to anticipate that the driver of an automobile would collide with its standing freight car; and was not required to take two men from their usual work and post them in the highway with lanterns to give warning to approaching automobilists. The burden of duty and obligation imposed on the defendant did not include the taking of such an unusual precaution; nor can we think of other measures which reasonable foresight would suggest. In the light of common experience, we think the defendant was not reasonably bound to anticipate an accident so fortuitous in its character.

This reasoning leads us to the conclusion that there was no actionable negligence on the part of this defendant. We find this view supported by authorities in other jurisdictions. (*Trask* v. *Boston & Maine R. R.*, 219 Mass. 410; *Gage* v. *Boston & Maine R. R.*, 77 N. H. 289; *Gilman* v. *Central Vermont R. Co.*, 93 Vt. 340.)

The judgments and orders should be reversed, with costs, and the complaints dismissed, with costs.

COCHRANE, P. J., VAN KIRK, HINMAN and WHITMYER, JJ., concur.

Judgments and orders reversed on the law, with one bill of costs, and the complaints dismissed, with one bill of costs.