# SUPREME JUDICIAL COURT,

### AT THE

## MARCH SESSION 1869, IN BOSTON.

PRESENT:

Hon. REUBEN A. CHAPMAN, CHIEF JUSTICE.
Hon. EBENEZER R. HOAR,
Hon. HORACE GRAY, JR.,
Hon. JOHN WELLS,      JUSTICES.
Hon. SETH AMES,

COMMONWEALTH *vs.* BOSTON & WORCESTER RAILROAD CORPO-
RATION.

Evidence that daily twenty trains on a railroad, and about as many vehicles on a highway, passed over a place where the railroad crossed the highway at grade, but was in full view from the highway at any point within a hundred and fifty feet of the crossing; and where the public authorities never required the establishment of a gate, station agent or flagman, although the crossing had existed for many years; is insufficient to warrant a finding that the railroad corporation was guilty of negligence in omitting to provide there any such safeguard.

INDICTMENT on the Gen. Sts. *c.* 63, § 98, to recover for the use of the widow and children of Luther Bixby a fine by reason of the loss of his life from being run over by an engine and train of the defendants at a place in Ashland where their railroad crossed at grade a highway on which he was travelling with a horse and wagon; the death being averred to have been occa-

sioned by reason of negligence of the defendants in not providing a gate, station agent or flagman at the crossing.

Trial in the superior court, before *Reed*, J., who refused a request of the defendants for a ruling that the evidence would not sustain the indictment, and, after a verdict of guilty, reported the case for the revision of this court. The material facts appear in the opinion.

*G. S. Hale*, for the defendants.

*J. C. Davis*, Assistant Attorney General, (*C. Allen*, Attorney General, with him,) for the Commonwealth.

GRAY, J.[*] This indictment is founded on that section of the railroad act which provides that " if, by reason of the negligence or carelessness of a corporation, the life of any person, being in the exercise of due diligence, and not being a passenger or in the employment of such corporation, is lost, the corporation shall be punished by a fine to be recovered by indictment." Gen. Sts. c. 63, § 98. The negligence or carelessness which is thus made criminal is not confined to the omission to comply with specific requirements of the statutes of the Commonwealth, but extends to any want of reasonable care which would give the party injured, if not immediately killed, a right of action against the corporation. And it has been adjudged that compliance with all statute requirements does not exempt a railroad corporation from liability to an action by a party injured by its omission to take all other reasonable precautions. *Bradley* v. *Boston & Maine Railroad*, 2 Cush. 539. *Linfield* v. *Old Colony Railroad Co.* 10 Cush. 569. *Shaw* v. *Boston & Worcester Railroad Co.* 8 Gray, 73. The question whether the defendants had omitted any such precautions was therefore a question for the jury.

But the Commonwealth, in order to support this indictment, must prove that the corporation was negligent, that the deceased used due diligence, and that the negligence of the corporation caused his death. Proof of his death and his diligence does not dispense with the necessity of proving the negligence of the corporation. The negligence alleged in the indictment consisted

---

[*] AMES, J., did not sit in this case.

in leaving the crossing in question wholly unprovided with any suitable gate, or station agent or flagman. A railroad corporation is not obliged to have a gate, station agent or flagman, at every crossing of a highway, but only at such places and under such circumstances as may reasonably be required for the protection of the public travel in the highways. *Cases above cited. Bilbee* v. *London, Brighton & South Coast Railway Co.* 18 C. B. (N. S.) 584. *Stubley* v. *London & Northwestern Railway Co.* Law Rep. 1 Ex. 13.

In this case, there was no evidence whatever of the want of reasonable care on the part of the corporation in this respect. The evidence was, that about twenty trains upon the railroad, and about as many vehicles upon the highway, passed this crossing daily. The public authorities had never required the establishment of a gate or a flagman at the crossing, although there had been a public highway there for many years. The evidence for the Commonwealth tended to show that there was nothing to prevent one who looked from seeing an approaching train from any point within one hundred and fifty feet of the crossing. The defendants introduced testimony that the whistle on the train which struck the deceased was sounded eighty rods from the crossing, that the bell was rung from that point to the crossing, and the whistle was sounded twice or more afterwards before reaching the crossing. And this testimony was uncontradicted, thereby distinguishing the case from that of *Commonwealth* v. *Fitchburg Railroad Co.* 10 Allen, 189.

As this view is conclusive against maintaining the indictment upon the evidence stated in the report, it is unnecessary to consider the other grounds of defence. *Verdict set aside.*