## VALLANCE v. BOSTON & ALBANY R. CO.

(Circuit Court, D. Massachusetts. April 22, 1893.)

### No. 3,531.

1. RAILROAD COMPANIES—ACCIDENT AT GRADE CROSSING — STATUTORY SIGNALS —EVIDENCE.

In an action against a railroad company for injuries to a child 22 months old at a grade crossing in an unfrequented portion of a town, there was no evidence that defendant's failure to ring the bell or sound the whistle contributed to the injury, except such as could be reasonably inferred from the presence of the injured child at or near the crossing. *Held* insufficient to warrant a verdict for plaintiff.

2. SAME—WANT OF GATEMAN—EVIDENCE.

In such case there was no evidence of the volume of travel at the crossing, and nothing to show that it was a peculiarly dangerous place, except a remark of defendant's engineer that it was a bad place, and that an embankment on one side obscured a view of the train until a point within 30 to 60 feet of the track was reached. On one side of the track there was no house within a mile and a half of the crossing. Plaintiff's counsel stated in his opening that the place was unfrequented, and defendant produced no evidence of want of travel. *Held* insufficient to show negligence of defendant in not providing a gate and gateman.

At Law. Action by Alfred Vallance against the Boston & Albany Railroad Company to recover damages for personal injuries. Verdict and judgment for plaintiff. Heard on motion for new trial. Granted.

Alfred Hemenway and T. Henry Pearse, for plaintiff.
Samuel Hoar, for defendant.

ALDRICH, District Judge. This is a motion to set aside the verdict, and for a new trial, on the ground that the verdict is against the weight of evidence. The plaintiff, who is a child, sues by his father and next friend, and was, at the time of the alleged injury, 22 months old. The plaintiff sought to recover on two grounds: First, on the statutory ground that the defendant, through its servants, did not comply with the requirements of the statute as to sounding the whistle and ringing the bell as the train approached the crossing, and that the failure so to do contributed to the injury; and, second, on the ground that the defendant was negligent in not providing suitable safeguards at the crossing, and the particular complaint in this respect was the failure to provide a gate and gateman. In support of the first ground the plaintiff offered evidence tending to show that the bell was not rung nor the whistle sounded, and evidence tending to show that the child, without the fault of its parents, had strayed from its home, some 20 or more rods, and was found at or near the crossing, with injuries of such a character that it might reasonably be found that the child was run over by the train. The only evidence tending to show that the failure to ring the bell or sound the whistle contributed to the injury was such as could reasonably be inferred from the presence of the child at or near the crossing, with injuries of the character de-

scribed. In order to entitle the plaintiff to recover upon this ground, the jury were instructed that they must find from the situation that the omission to ring the bell or sound the whistle contributed to the injury. There was no evidence that the child was precocious, or that it had been warned that a railway whistle or bell was a signal of danger; therefore, upon the conceded facts on this branch of the case, the finding of the material and necessary fact that the failure to whistle or ring the bell contributed to the injury is against the weight of evidence, and an inference or deduction so unreasonable as to compel the conclusion that the jury were controlled by prejudice.

As to the second ground, it cannot be contended that reasonable care and diligence requires railroads to maintain a gate and gateman at all crossings. There must be evidence sufficient to warrant a finding that there was peculiar hazard at a particular crossing, in order to hold a railroad company culpable on the ground of negligence. Commonwealth v. Boston & W. R. Corp., 101 Mass. 201; Railroad Co. v. Ives, 144 U. S. 408, 420, 421, 12 Sup. Ct. Rep. 679. At the trial counsel for the plaintiff stated, in opening to the jury, that "the crossing in question was an unfrequented place. This being an unfrequented part of the town, although a grade crossing, and entitled to protection, had neither gate nor watchman nor guard." Counsel for the defendant stated, in opening, that he should not controvert the statement that the crossing was an unfrequented place. The plaintiff offered no evidence as to the volume of travel, and the only evidence tending to show that the crossing was one of peculiar danger was a remark from the engineer, in giving his reasons for thinking he rang the bell, that it was a bad place. There was also evidence that this crossing was within the jurisdictional limits of the city of Worcester, and two miles and a half from the city hall, and that on the side of the track from which the child approached there was an embankment which partially obscured the train until a point was reached within 30 to 60 feet of the track. On the other hand, it appeared that on the west side of the railroad there was only one house for a mile or a mile and a half. The effect of the statement of counsel in opening, on which the defendant had the right to rely, was to leave in obscurity the material fact as to whether the character and volume of the travel was such as to reasonably require a gate and watchman at the crossing in question. The evidence as to the character of the crossing was such as to fairly warrant the verdict, provided the plaintiff had gone further, and submitted evidence as to the volume of travel.

Reasonable care and prudence would not require a gate and gateman at every obscure crossing. There must be some evidence, at least, that the crossing is used; how much I do not undertake to say, but, assuming that the crossing was obscure, and that the evidence in this direction was sufficient to warrant a finding that reasonable care and prudence would require a gate and gateman, provided there was travel, I must hold that the necessary and material finding that the volume of travel was such as to make

the crossing one of peculiar hazard was against the weight of evidence. As a matter of law, to entitle the plaintiff to recover, he must show travel. Until the case had progressed to the final argument the trial was upon the theory that there was no travel; at least, that it was an unfrequented crossing. The defendant was entitled to rely upon this course of the plaintiff, and withhold his evidence. It would not be just to a party who had tried his cause upon such lines to permit a verdict to stand upon unwarrantable inference, drawn from an obscure situation created by his adversary, under such circumstances as to warrant him in withholding his evidence and treating the situation as conceded. There was no actual trial upon evidence directed to the necessary and material question whether the volume of travel was such as to require a gate and gateman or watchman, and, upon the facts incidentally appearing, the weight of evidence was against the plaintiff. The verdict should be set aside, and a new trial granted, and it is so ordered.