WALTER B. FARMER *vs.* NEW YORK, NEW HAVEN, and HARTFORD RAILROAD COMPANY.

Middlesex.   November 14, 1913. — February 28, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Negligence,* In use of highway.   *Evidence,* Competency.   *Practice, Civil,* Exceptions.

If one on a dark and rainy night drives his automobile at high speed over a country road with the windshield up and the side curtains down, so that for safety he must rely largely if not wholly on his sense of sight, and, knowing that

---

he is in the vicinity of a railroad grade crossing, where automobiles may be intercepted at any time by passing trains having the right of way, keeps on at full speed until his automobile, which could have been stopped within thirty feet, runs into the rear end of a freight train standing partly within the roadway at the crossing, he is not in the exercise of reasonable care and cannot recover from the railroad corporation for the damage to his automobile caused by the collision, even if the railroad corporation was negligent.

In an action against a railroad corporation for damage to the plaintiff's automobile from running into a freight car standing on a grade crossing of the defendant's railroad with the highway on which the plaintiff was driving, upon the issue whether the plaintiff was in the exercise of due care, it is proper to exclude evidence offered by the plaintiff to show that on a previous occasion another traveller driving an automobile over the road did not see a stationary freight car at the crossing.

In an action of tort for negligence, where it appears that the damage for which the plaintiff seeks recovery was due to his own negligence, it is not necessary to consider exceptions to the exclusion of evidence bearing only on the question of the defendant's negligence.

TORT for damage to the plaintiff's automobile from running into a flat freight car standing on a grade crossing of the defendant's railroad with a public highway known as the Worcester Road near the defendant's station at South Sudbury on November 6, 1911.   Writ dated January 18, 1912.

In the Superior Court the case was tried before *White, J.,* who, at the close of the plaintiff's evidence, which is described in the opinion, ordered a verdict for the defendant.   The plaintiff alleged exceptions, including certain exceptions to the exclusion of evidence, the character of which is explained in the opinion.

*R. Homans,* (*A. G. Grant* with him,) for the plaintiff.

*Joseph Wentworth,* for the defendant.

BRALEY, J.   If, without deciding, it is assumed that the jury could have found that the defendant was negligent, the plaintiff failed to show that his own conduct was free from fault.   The night was dark and rainy when he drove his automobile at high speed over a country road, which for a considerable distance ran straight before him, he reached the point where the railroad crossed the highway at grade, and the car came into collision with the rear end of a freight train standing partially within the roadway.   It is undisputed, that from previous use he was thoroughly familiar with the route and aware that automobiles might be intercepted by passing trains having the right of way.   If to some extent he could rely upon the ringing of the crossing gong to warn him of ap-

proaching trains, and his testimony that he did not hear it was some evidence that it did not ring, this fact did not relieve him from taking ordinary precautions for his own safety. *Lucarelli* v. *Boston Elevated Railway,* 213 Mass. 454, 456.

The side curtains were down, and the windshield up because of inclement weather, and he must be held to have known, that to operate his car safely under such conditions he must depend largely if not wholly on his sense of sight, aided by his intimate knowledge of the location. The front lamps were lighted, and from his own testimony the car, which was on an ascending grade, could have been stopped within thirty feet, a distance of twice its length. To go on, enclosed as he was, without slackening speed, or taking any notice of the path before him except to keep within it, or perceiving that he was at the crossing until confronted by the train, evinces an entire absence of that degree of reasonable care required of travellers upon the public ways, where, in the ordinary operation of the railroad, trains may be expected to pass at any time. *Chase* v. *New York Central & Hudson River Railroad,* 208 Mass. 137.

The evidence, offered by the plaintiff and excluded, that on a previous occasion another motorist going over the road did not see a stationary freight car at the crossing, had no tendency to prove due care on the part of the plaintiff. *Williams* v. *Holbrook,* 216 Mass. 239.

It is unnecessary to consider other exceptions to the exclusion of evidence, which, if admitted, would have borne only on the question of the defendant's negligence.

The verdict having been ordered rightly, the exceptions are overruled.

*So ordered.*