EVERETT I. TRASK *vs.* BOSTON and MAINE RAILROAD.

JOHN F. MOONEY *vs.* SAME.

WILLIAM A. CROUSE *vs.* SAME.

JOHN J. WALSH *vs.* SAME.

THOMAS J. BROWN *vs.* SAME.

Essex.    November 6, 7, 1914. — November 30, 1914.

Present: RUGG, C. J., HAMMOND, SHELDON, DE COURCY, & CROSBY, JJ.

*Negligence,* Railroad, In use of highway, Grade crossing. *Way,* Public: defect. *Nuisance. Evidence,* Competency.

In an action against a railroad corporation by an occupant of an automobile who was injured when in the night time the automobile ran into some freight cars of the defendant standing upon a spur track of the defendant at a crossing with a highway, the plaintiff relied in one count of his declaration upon the highway act, R. L. c. 51, § 18, and, it appearing that no notice was given to the defendant as required by § 20, it was *held* that a verdict properly was ordered

for the defendant on that count. *Whether* the defendant might have been found liable even if such a notice had been given, was not intimated.

There is no requirement of the common law that a railroad corporation shall have a gate or flagman or brakeman or maintain signals and lights at every crossing of the railroad with a highway at grade, but the corporation is required to take such precautions at all places where they may be regarded as reasonably necessary for the protection of travellers. Consequently merely to maintain such a crossing without any such precautionary measures, and to permit freight cars to stand thereon in the night time with no warning to travellers on the highway, is not as a matter of law, irrespective of the circumstances, the maintenance of a nuisance.

At the trial of an action against a railroad corporation by an occupant of an automobile who was injured when the automobile ran into freight cars of the defendant standing upon a spur track of the defendant at a crossing with a highway, it appeared that the defendant had not been required under St. 1906, c. 463, Part II, §§ 149–151, to maintain signs, gates, a flagman or an electric signal at the crossing; and there was no evidence as to how long the cars had remained upon the crossing before the collision, so that it could not be said that the defendant had violated the provisions of Part II, § 155, of that statute. It also appeared that the spur track was infrequently used, that, from the direction from which the automobile approached, the highway was straight for several hundred feet, that the collision occurred shortly after one o'clock A. M. on a dark and hazy night, that there was a large electric arc light over the highway about one hundred and sixty feet from the crossing, which the automobile passed, and that the glare of that light affected the driver's ability to see until he had passed it, that the automobile approached the crossing at a speed of from twenty to twenty-five miles an hour, that its headlights shone one hundred feet ahead, that it could have been stopped within forty or fifty feet, and that the driver did not see the cars until he was about forty feet from the crossing, when he tried unsuccessfully to stop the automobile. *Held,* that there was no evidence of negligence on the part of the defendant or its employees, who were justified in believing that travellers in automobiles properly lighted and driving at a reasonable rate of speed would observe the cars upon the crossing in time to avoid coming into collision with them.

Where, at the trial of an action for personal injuries caused by a collision at night of an automobile with railroad freight cars standing across a highway, a material question is, whether the effect of an electric light above the highway was to dazzle the eyes of a traveller so that he could not see the cars upon the crossing, a witness should not be allowed to state the effect of the light upon his vision at other times than the time of the accident, unless it is shown that the conditions on the occasions as to which the witness testifies were the same as those of the night of the accident, including the nature and degree of darkness, the power with which the light was shining, and the nature of the lights on the automobiles.

CROSBY, J. These are five actions of tort to recover for personal injuries caused to the plaintiffs by collision between an automobile in which they were travelling and freight cars of the defendant standing motionless upon a spur track which

crossed Enon Street in North Beverly.    The actions were tried together.*

It is agreed that Enon Street is a public highway; that the defendant had a legal right to maintain the spur track; that the automobile was properly registered; and that the freight cars were owned and operated by the defendant.

At the place of the accident two spur tracks parallel with each other cross the highway a few feet apart, and extend from the main line near the North Beverly station across Enon Street to two ice houses, one of which stands close to the first spur track. It was on this first spur track, which was used infrequently, that box cars were standing at the time of the collision. The accident occurred shortly after one o'clock in the morning, on July 6, 1911. As the automobile approached the crossing it passed a lighted electric arc light about one hundred and sixty feet from the spur track. Enon Street runs in a straight line for several hundred feet from the crossing in the direction in which the plaintiffs approached it. The automobile was being operated by the plaintiff Brown, who was an experienced chauffeur.

The declarations in each case were identical and contained five counts, all for the same cause of action; and any reference to the declaration is to be considered as applying to all of them.

The first count alleges that the defendant negligently allowed a train of cars to stand on the crossing without proper lights to warn travellers upon the highway, and that no brakeman or other person was stationed at the crossing to warn travellers; the second that the defendant so negligently permitted one of its cars to remain upon the highway that the plaintiff, who was a traveller upon the highway, was severely injured; the third that it (the defendant) negligently and illegally obstructed and unnecessarily and unreasonably used and occupied the highway; the fourth, that it negligently permitted one of its cars to remain upon the highway, thereby creating a nuisance; and the fifth, that it negligently permitted one of its cars to remain on the highway, thus rendering it unsafe and defective.

The evidence showed that as the automobile approached the crossing it was running at a speed of from twenty to twenty-five

* Before *Hardy*, J., who at the close of the plaintiffs' evidence ordered a verdict for the defendant in each case.    Each plaintiff alleged exceptions.

miles an hour; that the machine could have been stopped at that speed in a distance of from forty to fifty feet; and that the head-lights shone one hundred feet ahead. There was evidence also to show that the plaintiff Brown, who was driving the machine, did not see the cars until he was within about forty feet from the crossing; and that he then endeavored to stop, but failed to do so in time to avoid the collision. There was further evidence that the night was dark and hazy, and that the glare of the electric arc light, located almost one hundred and sixty feet from the crossing, affected the driver's ability to see until he had passed from under it.

The defendant cannot be charged with liability under the fifth count for a defect or want of repair in the highway under R. L. c. 51, § 18, because, if for no other reason, there is no allegation or proof that the required statutory notice was given. R. L. c. 51, § 20. We do not mean to intimate that the defendant would be liable for a defect in the highway had such a notice been proved.

There is no evidence to show that the defendant ever had been required to maintain signs, gates or a flagman at this crossing, or to provide it with an electric signal under St. 1906, c. 463, Part II, §§ 149–151. It is plain that the evidence would not warrant a finding that such precautions were necessary for the protection of travellers upon the highway. Nor is there any evidence to show how long the cars had remained upon the crossing before the collision; accordingly the defendant could not be found to have violated the provisions of St. 1906, c. 463, Part II, § 155. It does not appear that the defendant had violated any statutory provision in placing its cars upon the highway, or in allowing them to remain there or otherwise. The question then is whether the defendant could have been found to be negligent, independently of the specific requirements of the statutes of the Common-wealth, in failing to warn the plaintiffs of the presence of the cars upon the crossing, either by sounding a bell or whistle, or by signal lights, or by the failure to have a brakeman or flagman there to warn travellers, in view of the conditions as they existed on the night of the accident.

The allegation in the fourth count that the cars were negligently upon the highway and thereby created a nuisance, adds nothing to the second count which alleges that the defendant negligently

permitted one of its cars to remain upon the highway. A railroad is not required to have a gate or flagman or brakeman, or to maintain signals and lights at every crossing of a highway, but only at places where such precautions may be regarded as reasonably necessary for the protection of travellers. What might be considered as reasonably necessary for such protection at one crossing might be deemed wholly needless and unnecessary at another, the determination of the question in each case depending upon the amount of travel upon the highway, the frequency with which trains passed over it, upon the view which could be obtained of trains as they approached the crossing, and upon other conditions. It could have been inferred that this train was upon the spur track for the purpose of taking out other cars which had been loaded with ice on the day before. This crossing was upon a highway in the country. The accident occurred at one o'clock in the morning, at a time when and at a place where it could not reasonably have been anticipated that there would be a great amount of travel, if any, upon the highway. Besides, the spur track was infrequently used.

In order to charge the defendant with negligence it must be found that its employees, in the exercise of reasonable care, would have known that on account of the darkness the cars upon the crossing were such an obstruction that people travelling along the highway, in an automobile, at a reasonable rate of speed, properly equipped with lights and carefully operated, would be liable to come in collision with them. We are of opinion that upon the evidence the conditions shown were not such as to warrant a finding that the defendant was negligent in failing to provide lights or a flagman, or to give other warning.

The defendant and its servants, in the exercise of reasonable care, were justified in believing that travellers in automobiles properly lighted and driving at reasonable speed would observe the cars upon the crossing in time to avoid coming in collision with them. As was said by the court in *Gage* v. *Boston & Maine Railroad,* 77 N. H. 289, 295, where the facts were very similar to those in the case at bar: "In order to charge the defendant, it must be found from some substantial evidence that its servants in the exercise of ordinary care would have understood that they were maintaining at the crossing an obstruction which on account of the

darkness was a dangerous obstruction to people riding in an auto-mobile driven at a reasonable rate of speed and equipped with strong lights.     To hold that such evidence exists in this case is to overturn the rule that a verdict based upon conjecture cannot stand . . . or that a mere scintilla of evidence is not sufficient to sustain the burden of proof in cases for negligence. . . . The defendant's duty to have lights exposed for the benefit or protec-tion of people using the highway in the manner the plaintiffs were using it is, to say the least, conjectural and visionary.     It is based upon no substantial evidence."     *Chase* v. *New York Central & Hudson River Railroad,* 208 Mass. 137, 142.     *Hubbard* v. *Boston & Albany Railroad,* 162 Mass. 132, 135.     *Commonwealth* v. *Boston & Worcester Railroad,* 101 Mass. 201.

As the record discloses no negligence of the defendant, we need not consider whether the plaintiff Brown was operating the auto-mobile in violation of St. 1910, c. 605, § 6, or whether he was using the automobile without authority in violation of St. 1909, c. 534, § 22.

Nor is it necessary to consider whether the plaintiffs or either of them were in the exercise of due care.

There remains to be considered only a question of evidence. A witness called by the plaintiffs was asked upon his direct exami-nation, "I wish you would tell us the effect on one's vision of that electric light nearest the post nearest the railroad crossing from the North Beverly railroad track towards the crossing." Upon objection this question was excluded and the plaintiffs ex-cepted.     The plaintiffs offered to show by this witness "that he [the witness] had been by this place of the accident on many occa-sions at night previous to the accident, in an automobile going from the direction of North Beverly to this crossing, and that this same electric light that was at the place at the time of the accident, located in the same place, dazzled one's eyes and blinded his eyes until three automobile lengths by it."

This evidence was excluded properly.     It was not competent unless it was shown that the conditions were the same as those on the night of the accident, including the degree of darkness; that the arc light was of the same power on the different nights; and that the lights on the automobile of the witness were sub-stantially the same as those upon the automobile in which the

plaintiffs were travelling. As no evidence of this character was offered, the evidence sought to be introduced clearly was inadmissible. *Williams* v. *Holbrook,* 216 Mass. 239. *Hodde* v. *Attleboro Manuf. Co.* 193 Mass. 237, 240.

*Exceptions overruled.*

*W. H. Hitchcock,* for the plaintiffs.
*H. F. Hurlburt, Jr.,* (*A. P. Mills* with him,) for the defendant.