IVORY W. ALLEN *vs.* BOSTON AND MAINE RAILROAD.

Middlesex.    March 13, 1923. — May 23, 1923.

Present: RUGG, C.J., BRALEY, DeCOURCY, CROSBY, & PIERCE, JJ.

*Negligence,* Contributory, In use of highway. *Evidence,* Presumptions and burden of proof.

Where, at the trial of an action of tort against a railroad corporation for personal injuries, received in collision with a locomotive engine of the defendant at a grade crossing of the railroad with a highway by a man who was sixty-one years of age and was totally deaf, the only rational inference from the evidence was that, in hurrying to cross the track to take an electric street car beyond it, the plaintiff did not use his sense of sight after he was forty feet from the crossing to determine the safety of crossing, reached the crossing as the engine was passing over it and collided with the side of the engine, the presumption created by St. 1914, c. 553, does not require that the action be submitted to the jury, and a verdict for the defendant properly may be ordered.

A traveller on a highway approaching a grade crossing with a railroad is not justified in relying wholly on the fact that a flagman, stationed there, is absent and in assuming that because of such absence it is safe to cross without taking other reasonable precautions to determine the safety of crossing.

The fact that one approaching a grade crossing of a railroad with a highway is totally deaf imposes upon him a more imperative duty actively to exercise his other senses to protect himself from harm.

The fact that, just in front of the plaintiff, in the action above described, a young man ran across the track in front of the train when it was only one hundred or two hundred feet away without being struck, did not justify the plaintiff in assuming that in attempting to cross ahead of the engine he would be equally fortunate.

TORT for personal injuries received by a traveller on foot on a highway in collision with a locomotive engine of the defendant at a grade crossing.   Writ dated January 14, 1922.

In the Superior Court, the action was tried before *Lawton,* J.   Material evidence is described in the opinion.   At the close of the evidence, the judge ruled that " the evidence of the plaintiff himself, coupled with other evidence in the case, is such as requires a finding on the part of the jury that the plaintiff himself was not in the exercise of due care," and ordered a verdict for the defendant.   The plaintiff alleged exceptions.

*J. F. Daly,* for the plaintiff.

*J. M. O'Donoghue,* for the defendant.

CROSBY, J.   This is an action to recover for personal injuries received by the plaintiff at a grade crossing on Lynn Street in Malden.   He was sixty-one years of age, and totally deaf at the time of the accident.   There are no gates at the crossing, but a flagman is maintained there by the defendant.

The plaintiff lived on Revere Street in Malden, which street intersects with Lynn Street; he testified that it would take him two and one half minutes to walk from his house to the crossing; that he intended to go to Boston on an electric car that was on the opposite side of the crossing from where he lived; that the train which struck him was bound for Boston and was scheduled to stop at Linden Station which is about one hundred and fifty or two hundred feet from the crossing; that when he came down Revere Street, and just before he turned into Lynn Street, he looked and saw no train coming; that he went down Lynn Street, and before he got to the flag house, he attempted to cross the track; that before he started he did nothing; that he " was going right across the track;" that he turned around when about forty feet from the track and looked for the flagman but did not see him.   The foregoing is substantially his entire testimony; he gave no further particulars as to where he was with reference to the track or the circumstances respecting the accident.

Several other witnesses, including the flagman, testified that they saw him before and at the time he was struck by

the engine.  The flagman testified that he first saw him
" when he was right up against the engine, in contact with
the driving wheel or driving shaft, back of the cylinder. . . .
As plaintiff came in contact with the engine just back of the
cylinder, he whirled around two or three times and then he
fell away from the engine, ' fell one side of the end of the
ties like;' " that " The train stopped the length of train,
with the rear of the train probably fifteen or twenty feet
away from the crossing;" and that the train was travelling
probably fifteen miles an hour over the crossing.   Two other
witnesses testified that the plaintiff came in contact with
the side of the engine; one witness testified that he was
running toward the crossing with his head down, and others
testified that he was hurrying toward the crossing; one
witness said that he was " hustling right along, faster than
a walk."   There was testimony that the statutory signals
were given as the train approached the crossing and there
was no evidence to the contrary.   Upon the question of the
due care of the plaintiff there was evidence that there was
a house and some trees on the side of Lynn Street between
Revere Street and the crossing;  but the evidence introduced
by the plaintiff was to the effect that for a distance of
about two hundred and seventy feet from the crossing,
coming in the direction from which the plaintiff approached
the track, there was nothing to interfere with his view of
the train.

Several witnesses testified that the flagman stood at the
crossing with a stop signal in his hand as the plaintiff under-
took to cross the track.   Even if this testimony were not
believed, still the latter could not wholly rely on the flag-
man's absence, and assume that it was safe to cross without
taking reasonable precautions to determine whether he
could safely pass over.   *Pigeon* v. *Massachusetts Northeast-
ern Street Railway*, 230 Mass. 392, 395.   Upon his own
testimony, it appears that he did nothing to determine
whether a train was approaching except to look when he
was forty feet from the track.   It is manifest that in these
circumstances his attempt to cross would not warrant a
finding that he exercised the care of an ordinarily prudent

person. *Chase* v. *Maine Central Railroad,* 167 Mass. 383. *Roberts* v. *New York, New Haven & Hartford Railroad,* 175 Mass. 296. *Raymond* v. *New York, New Haven & Hartford Railroad,* 182 Mass. 337. *Allen* v. *Boston & Maine Railroad,* 197 Mass. 298. *Peterson* v. *New York, New Haven & Hartford Railroad,* 222 Mass. 471. *Gannett* v. *Boston & Maine Railroad,* 238 Mass. 125. As upon the evidence most favorable to the plaintiff only one rational inference can be drawn, namely, an inference of want of due care, a verdict for the defendant was rightly directed. The trial judge properly ruled that the plaintiff was not in the exercise of due care.

The presumption created by St. 1914, c. 553, did not require that the present case be submitted to the jury. *Duggan* v. *Bay State Street Railway,* 230 Mass. 370. *Pigeon* v. *Massachusetts Northeastern Street Railway, supra.* The circumstance that the plaintiff was " totally deaf " and could not hear the signals or the noise of the approaching train required him to be more alert in the use of his other senses. *Robbins* v. *Springfield Street Railway,* 165 Mass. 30. *Hall* v. *West End Street Railway,* 168 Mass. 461. *Adams* v. *Boston & Northern Street Railway,* 191 Mass. 486. *Keith* v. *Worcester & Blackstone Valley Street Railway,* 196 Mass. 478. It does not appear that there was anything to distract his attention from the train of which he had an unobstructed view for a long distance before he reached the crossing; nor is there any excuse shown for his failure to see it, although he could not hear its approach. His infirmity of hearing imposed upon him a more imperative duty actively to exercise his other senses to protect himself from harm. The undisputed evidence shows that if he had looked as he came to the crossing he would not have been injured. The only reasonable inference is that in hurrying to take the electric car, he reached the track as the engine was passing over the crossing and he collided with the side of the engine near the driving wheels. Although he testified, he gave no account of the way in which he came in collision with the engine, but called as a witness the flagman, who testified that the plaintiff " came in contact with the engine just back of the

cylinder;" this testimony was corroborated by witnesses called by the defendant and there was no evidence to the contrary.   The facts in the case at bar in some respects are similar to those in *Trask* v. *Boston & Maine Railroad,* 219 Mass. 410, and *Adams* v. *Boston Elevated Railway,* 219 Mass. 515, 519.   The evidence that just before the plaintiff was hit a young man ran across the track in front of the train, when it was only one hundred or two hundred feet away, without being struck, would not justify the plaintiff in assuming that in attempting to cross ahead of the engine he would be equally fortunate.   As was said in *Allen* v. *Boston & Maine Railroad, supra,* at page 302: " The undisputed circumstances of the present case show that if the plaintiff had exercised ordinary precaution he might have seen the approaching train in time to avoid harm."

*Exceptions overruled.*