MARGARET MAILHOT *vs.* NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

ONIAN MAILHOT *vs.* SAME.

Bristol. October 27, 1930. — November 25, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Negligence,* In use of way, Grade crossing, Contributory, Motor vehicle. *Evidence,* Competency.

At the trial together of two actions of tort against a railroad corporation, one action being for personal injuries sustained by a woman and the other action being for damage to an automobile owned by her husband and for consequential damages, the evidence in its aspect most favorable to the plaintiffs was that, as the plaintiffs were riding in the automobile, which was driven by the husband, upon a public way at

twenty-five to twenty-eight miles an hour at an early hour on a dark, clear morning, the automobile collided with a freight train of the defendant which was standing upon a track intersecting the way; that there was no light nor other signal to indicate the presence of the train; that, although both plaintiffs were looking ahead, neither of them saw the crossing signs, or saw the train until the automobile was about ten feet from it; that the headlights of the automobile were in perfect condition and would cast their light one hundred fifty feet ahead so that the driver could see a man that distance in front; and that the freight cars were of such a color that the plaintiffs did not see them. Verdicts for the defendant were ordered. *Held*, that

(1) The evidence permitted only one rational inference, that negligence of the plaintiffs contributed directly to their injury; and they therefore could not recover;

(2) There was no error in the exclusion of evidence of previous collisions at the same crossing.

(3) The verdicts properly were ordered.

TWO ACTIONS OF TORT, the first for personal injuries and the second, by the husband of the plaintiff in the first, for damage to the plaintiff's automobile and for consequential damages resulting from his wife's injuries. Writs dated October 15, 1924.

In the Superior Court, the actions were tried together before *Collins*, J. Material evidence is stated in the opinion. The judge excluded evidence offered by the plaintiff to show that within a period of two months previous to the date of the accident there were three collisions between automobiles and freight trains passing over the crossing and that in one of these collisions a man was killed. This evidence was offered upon the question, whether the defendant had reason to know that the crossing was dangerous and therefore required protection to the public. The judge ordered a verdict for the defendant in each action. The plaintiffs alleged exceptions.

*H. W. Radovsky*, for the plaintiffs.

*E. J. Phillips* of Rhode Island, for the defendant.

RUGG, C.J. The evidence in its aspect most favorable to the plaintiffs tended to show that they were proceeding in a coupe automobile on a wide cement highway in the town of South Easton, at about twenty minutes before four o'clock of a dark and clear morning, at a rate of

speed of about twenty-five to twenty-eight miles an hour; that they had travelled over this highway occasionally before; that the highway intersected at right angles a single-track railroad of the defendant; that when about ten feet away the male plaintiff, who was driving, first saw a freight train across the highway, without light or other signal to indicate its presence there, and that he collided with the train, not being able to stop his automobile in that distance; that the female plaintiff was also looking ahead but did not see the freight train or car; that there was no traffic on this part of the highway at the time; that both the plaintiffs saw some sparks shooting up into the air to their right some distance before reaching the crossing but it did not occur to them that they came from a locomotive; that the plaintiffs did not observe the crossing signs which were shown on a photograph introduced in evidence; that a freight train of the defendant was on the crossing and that a moment or two after the collision it began to move, although that movement had nothing to do with the accident; that the headlights of the automobile were in perfect condition and would cast their light one hundred fifty feet ahead and the driver could see a man that distance in front.

In brief, the contention of the plaintiffs is that the jury could properly find that they were in the exercise of due care and that the defendant had not sustained the burden of proving contributory negligence on their part even though they ran into a freight train on a highway grade crossing. That contention cannot be sustained. The testimony of the plaintiffs that the freight cars were of such color that they did not see them is no excuse for their conduct. The immutable fact of the collision and the testimony of the plaintiffs permit only one rational inference and that is that the negligence of the plaintiffs contributed directly to their injury and damage. *Pigeon* v. *Massachusetts Northeastern Street Railway,* 230 Mass. 392, 395. *Allen* v. *Boston & Maine Railroad,* 245 Mass. 139. Both authority and common sense bar the plaintiffs from recovery. *Farmer* v. *New York, New Haven &*

*Hartford Railroad,* 217 Mass. 158. *Trask* v. *Boston & Maine Railroad,* 219 Mass. 410. *Fortune* v. *New York, New Haven & Hartford Railroad,* 271 Mass. 101. G. L. c. 90, § 15. See *Yano* v. *Stott Briquet Co.* 184 Wis. 492; *Allison* v. *Chicago, Milwaukee & St. Paul Railway,* 83 Wash. 591; *Toledo Terminal Railroad* v. *Hughes,* 115 Ohio St. 562.

There was no error in the exclusion of evidence of prior collisions. *Menard* v. *Boston & Maine Railroad,* 150 Mass. 386, 388.

Other questions argued become immaterial and need not be considered.

*Exceptions overruled.*