BELL CAB COMPANY *vs.* NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

ARTHUR VIGNEAULT *vs.* SAME.

EDMUND G. DUNNE *vs.* SAME.

Worcester.    September 23, 1935. — January 30, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Negligence*, Railroad, Grade crossing.  *Practice, Civil,* Interrogatories. *Evidence,* Presumptions and burden of proof, Interrogatories.  *Railroad.*

Uncontradicted answers to interrogatories bind the interrogating party introducing them.

Evidence that on a dark, foggy night, a freight train was passing over a grade crossing where the gates were raised and there was no flagman, without giving warning signals, and that an automobile ran into the side of it, showed no negligence of the railroad corporation.

G. L. (Ter. Ed.) c. 160, §§ 138, 232, do not apply to a train after it has occupied a grade crossing.

THREE ACTIONS OF TORT.  Writs in the first two actions dated May 7, 1930, and that in the third action dated December 20, 1932.

The actions were tried in the Superior Court before *F. T. Hammond,* J.

*S. H. Jaffee,* for the plaintiffs Bell Cab Company and another, submitted a brief.

*A. W. Howes & D. A. Foley,* for the plaintiff Dunne, submitted a brief.

*Joseph Wentworth,* for the defendant.

CROSBY, J.  These actions of tort, tried together, arise out of a collision between a taxicab and a freight car attached to the defendant's train which was crossing over the

Boston and Worcester Post Road in the center of the town of Northborough. The first action is to recover for damage to the plaintiff's taxicab; the second is for personal injuries to the operator of the taxicab; and the third is for personal injuries to the plaintiff who was a passenger in the taxicab. At the close of the evidence the defendant filed a motion for a directed verdict in each of the three cases. In the first and second cases the trial judge allowed the motions, and reported the cases to this court upon the stipulations that if he was wrong judgment should be entered for the plaintiff in each case in an agreed amount, otherwise judgment was to be entered on the verdict. In the third case, the defendant's motion for a directed verdict was denied as to the first count, which was based on common law negligence, and allowed as to the second count, which was based on a failure to give the signals required by statute. This case was also reported to this court upon the stipulation that if the plaintiff was entitled to go to the jury on either count of the declaration, then judgment is to be entered for the plaintiff in the sum of $1,250; but if a verdict should have been directed for the defendant on both counts then judgment is to be entered for the defendant.

It does not appear from the record that any question of pleading was raised at the trial, nor is any such question reported specifically. It is considered that the cases were intended to be reported for the determination of the questions whether the evidence was sufficient to warrant a verdict in favor of any one or all of the plaintiffs under a count at common law for negligence, or under a count based on the provisions of G. L. (Ter. Ed.) c. 160, §§ 138, 232, for failure to give the statutory signals of sounding a whistle and ringing a bell on a locomotive engine before crossing a public way. *Horowitz* v. *State Street Trust Co.* 283 Mass. 53, 56, 57. Taking the evidence in the report in the light most favorable to the plaintiffs, the jury could have found that the accident occurred in the town of Northborough, in this Commonwealth, at about four o'clock in the morning of September 7, 1929, at the public railroad grade crossing of the defendant's railroad and the main highway between

Worcester and Boston; that a taxicab owned by the plaintiff Bell Cab Company, which was being operated by the plaintiff Vigneault, was proceeding from Worcester toward Waltham with the plaintiff Dunne and others as passengers; that Dunne was sitting on the front seat next to the driver, and the other passengers were on the rear seat; that the taxicab came into collision with the side of the eighth freight car from the front of the defendant's freight train which was then moving over the crossing under the control of the defendant's employees; that at the time of the accident the railroad gates were not lowered, and there was no regular flagman or watchman on duty; that all the precautions that were taken immediately before the accident were that the train was stopped before proceeding over the crossing, and a brakeman was stationed there until the engine had passed nearly over the crossing; that no whistle was blown and no bell was rung. The record states that "the defendant answered" to questions that whenever the flagman was not on duty at the crossing "all trains are stopped before proceeding over the crossing, and an employee attached to the train is stationed at the crossing until the engine reaches the crossing," and that "The train in question was stopped before going over the crossing in question and the brakeman was stationed there until the engine had nearly passed over the crossing." These questions and answers must have been put in evidence by the plaintiffs under G. L. (Ter. Ed.) c. 231, § 89, and not having been contradicted, the plaintiffs were bound by the truth of the facts thus stated. *Minihan* v. *Boston Elevated Railway*, 197 Mass. 367, 373. *Slamin* v. *New York, New Haven & Hartford Railroad*, 282 Mass. 590, 592.

The plaintiff Vigneault testified that on the night of the accident Dunne and he had passed over this same crossing in the same taxicab on their way to Waltham, returning to Worcester over the crossing at about 1 or 2 A.M.; that on the second trip to Waltham they went through the town of Shrewsbury and then into the town of Northborough; that he was going approximately "twenty, twenty-five, thirty, thirty-five miles per hour," and that

traffic conditions were light; that when they were beyond Shrewsbury the fog started to get heavy and was worse as they went along; that the headlights and the windshield wiper were working properly; that he slowed down to twelve to fifteen miles an hour and drove through the fog at this speed for a couple of miles, and was looking for the crossing; that besides looking through the windshield, he looked through the side window on his left side by leaning out the window a little; that he was going "twelve to fifteen" miles an hour one hundred feet from the crossing, and could see ahead of him "twelve to fifteen feet"; that the lights on his taxicab "showed objects on the road probably twelve or fifteen feet ahead"; that he could stop the taxicab on that road going at a speed of twelve or fifteen miles an hour in "about twenty or thirty feet"; that he could have "stopped in ten or twelve feet" at that speed; that he could have stopped, using all the appliances that he wanted to use to make the quickest possible stop, in fifteen or possibly twenty feet; that at the speed he was going, from the time he started to move toward the emergency brake he could have stopped in "about twenty, around twenty feet"; that he was not over fifteen feet from the freight car when he first saw it; that the first thing he knew "this freight train loomed in front of" him; and that he stopped as quickly as possible when he saw it.

We are of opinion that there was no evidence which would warrant a finding of negligence on the part of the defendant. The undisputed evidence shows that, at the time the automobile collided with the car, the train was moving over the crossing, the engine and several cars having passed over it. It is plain that after the locomotive passed over the crossing the train had the right of way. It has been held by this court in several decisions that, where a traveller on a highway ran into the side of a train standing upon a highway crossing, he was precluded from recovery. *Farmer* v. *New York, New Haven & Hartford Railroad*, 217 Mass. 158. *Trask* v. *Boston & Maine Railroad*, 219 Mass. 410. *Allen* v. *Boston & Maine Railroad*,

245 Mass. 139. *Mailhot* v. *New York, New Haven & Hartford Railroad,* 273 Mass. 277, 279. The case is distinguishable from *Lincoln* v. *New York, New Haven & Hartford Railroad,* 291 Mass. 116. Statutes requiring the giving of signals at a grade crossing do not apply where as here a portion of the train had passed over the crossing. *White* v. *New York, New Haven & Hartford Railroad,* 200 Mass. 441. *McGlauflin* v. *Boston & Maine Railroad,* 230 Mass. 431, 434. There is no evidence which would warrant a finding that the injuries received by the plaintiffs Vigneault and Dunne or the damage to the taxicab of the Bell Cab Company resulted from negligence on the part of the defendant.

In accordance with the stipulations of the parties, in the cases of the Bell Cab Company and the plaintiff Vigneault judgment is to be entered for the defendant; in the case of the plaintiff Dunne judgment is to be entered for the defendant on both counts of the declaration.

*So ordered.*