ERNEST H. LADD & others *vs*. THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

Middlesex.     October 4, 1956. — December 4, 1956.

Present: WILKINS, C.J., RONAN, SPALDING, WILLIAMS, & CUTTER, JJ.

*Negligence,* Grade crossing; Railroad: grade crossing.

Evidence of the location of an open country single track grade crossing of a railroad and a highway protected only by a cross arm signal post on each side and of the usual amount of traffic on the railroad and on the highway did not warrant a finding of negligence on the part of the railroad toward occupants of an automobile who were injured when it ran into the center of a freight train passing over the crossing at midnight during a snow storm.

TORT.    Writ in the Superior Court dated October 2, 1951. The action was tried before *Donahue,* J.

*Noel W. Deering,* for the defendant.

*Walter H. McLaughlin, (John B. Jenney & Arthur Gilman* with him,) for the plaintiffs.

RONAN, J.    These are the defendant's exceptions taken at a trial of an action brought by the four occupants of an automobile to recover damages for injuries sustained when

the said automobile struck the center of a freight train travelling across a public crossing in Sudbury at about midnight on February 3, 1951. All four occupants recovered for personal injuries. Besides, the jury found for Ladd for consequential damages for injuries to his wife and also for damage to his automobile. The case went to the jury upon common law counts, including the alleged failure of the defendant to give adequate notice of the existence of the crossing to approaching travellers upon the way.

The four persons in the automobile had earlier in the evening left Ladd's home in Waltham and had gone over this crossing to a restaurant in Maynard. Shortly after they arrived there it started to snow heavily. They did not delay and started to return. The automobile was travelling along a seven hundred foot stretch of roadway toward this single track crossing which was located near the bottom of a hill. The crossing was protected by a cross arm signal post on each side. It appeared from the photographs that, aside from the snow storm, this was an open country crossing except for a few poles and that there was nothing substantially to obstruct the view of a traveller while approaching it within at least one hundred fifty to two hundred feet. There were no street lights in the vicinity. The headlights of the automobile travelling on a downward slant showed only about three feet above the ground. In any event no person in the automobile saw the freight train until it loomed up as it was proceeding over the crossing about twelve to fifteen feet directly in front of the automobile. Ladd was unable to stop the automobile. It was caught by the middle car of a freight train of twenty-eight cars and a caboose hauled by two Diesel engines and dragged along fifty feet before it was released. Mrs. Ladd was thrown out of the automobile. The train was proceeding at thirty miles an hour over the crossing and continued on its way for none of its crew knew of the accident until a few days afterwards. The crossing was not a particularly dangerous one. The highway was only heavily travelled by people going to work in the morning and returning at night.

The crossing was daily used by only two regularly scheduled passenger trains and an occasional unscheduled freight train.

It is hard to see why the passengers in the automobile did not hear the train, which for some time had been proceeding over the crossing, before it was seen by any of them, especially as the automobile was getting nearer to the crossing, in the absence of any other noise in the vicinity. It was said in *Peterson* v. *Boston & Maine Railroad,* 310 Mass. 45, 50, with an ample citation of authorities, "that it could not reasonably be inferred that the defendant, having complied with all statutory requirements as to warnings, was under any obligation to her and her companions to provide further special protection at this point."

The liability of a railroad in cases where automobiles have collided with unlighted freight cars standing on public crossings has been frequently decided. It is well settled that in "order to charge the defendant with negligence it must be found that its employees, in the exercise of reasonable care, would have known that on account of the darkness the cars upon the crossing were such an obstruction that people travelling along the highway, in an automobile, at a reasonable rate of speed, properly equipped with lights and carefully operated, would be liable to come in collision with them." *Trask* v. *Boston & Maine Railroad,* 219 Mass. 410, 414.

The case at bar strongly resembles *Bell Cab Co.* v. *New York, New Haven & Hartford Railroad,* 293 Mass. 334. There the owner of a taxicab, its operator, and a passenger were denied recovery for damages arising when the automobile ran into a freight train moving over a public crossing across the main highway between Boston and Worcester at four o'clock on a very foggy morning.

The plaintiffs rely upon *Hubbard* v. *Boston & Albany Railroad,* 162 Mass. 132, 136, where it was said, after pointing out that in order to authorize a jury to find negligence there must be precautions less than those required by the statutes, that evidence "that daily twenty trains on a road and about as many vehicles on a highway passed over a

Ladd *v.* New York, New Haven & Hartford Railroad.

place where the railroad crossed the highway at grade, but was in full view of the highway at any point within one hundred and fifty feet of the crossing, and where the public authorities never required the establishment of a gate or flagman, has been held to be insufficient to warrant a finding that the railroad corporation was guilty of negligence in omitting to provide there such a safeguard."

Subsequent to the accident a flashing light signal was installed. This was not to be taken as an admission upon the part of the defendant that a signal should have been installed at the time of the accident. *Menard* v. *Boston & Maine Railroad,* 150 Mass. 386. *Columbia & Puget Sound Railroad* v. *Hawthorne,* 144 U. S. 202. Yet the plaintiffs argue that, if a flashing light had been maintained at the crossing, they would have been apprised of the crossing sooner and so have avoided the accident. They expressly disavow any intention of arguing that the defendant was bound to take any additional precautions in the way of lights on account of the snow storm. They point out that as Ladd was able to see the red lights on the rear of the caboose of the freight train while he was searching for his wife after the automobile became freed from the train he probably would have seen a flashing light if one had been installed. This is a matter of conjecture in the absence of anything to show how near he was to the caboose when it passed him after the accident.

*Exceptions sustained.*
*Judgments for the defendant.*