ALBERT M. HOLMES, administrator, *vs.* TRUSTEES OF BOSTON AND MAINE CORPORATION. July 30, 1976. The plaintiff appeals from a judgment (entered on January 31, 1974, under leave reserved, G. L. c. 231, § 120, as in effect prior to St. 1973, c. 1114, § 203) in an action for the wrongful death of the plaintiff's intestate, a passenger in an automobile which collided with the defendants' train at a crossing. The automobile was proceeding in a westerly direction. The plaintiff's sole claim of negligence focuses on the limb of a tree which he contends obscured a flashing electrical signal, which when activated also included an audible bell, placed in the northwest quadrant of the intersection. The jury could have found (from the testimony most favorable to the plaintiff) that the signal was located no less than sixty-five feet west of the tree and that the limb and the signal were both no less than twelve feet from the ground. From photographic exhibits described by the plaintiff "as a fair representation of the . . . [area] on the date of the accident," it appears that the road was not level or straight; there was no evidence from which the jury could have found the point (if any) at which the limb obstructed a motorist's line of sight to the signal as he

approached the crossing. Furthermore, the briefs of both parties state that the weather was clear and dry, and it appears that the collision took place in daylight. Also, the undisputed testimony was that the right angled crossing was visible about 300 feet from the intersection. None of the photographs in evidence demonstrates an obstruction to a view of the signal (they show quite the opposite) or otherwise suggests any negligence on the part of the defendants. They show that there are "cross bucks" on both sides of the road near the crossing and a circular railroad crossing sign on the right side (facing west), as well as a "cross buck" painted on the road surface; and the briefs of both parties state that the circular sign and the painted cross buck were approximately 235 feet from the crossing. See *Ladd* v. *New York, N.H. & H. R.R.* 335 Mass. 117, 118-119 (1956); *Peterson* v. *Boston & Me. R.R.* 310 Mass. 45, 48-51 (1941). Cf. *Copithorn* v. *Boston & Me. R.R.* 301 Mass. 510, 518-519 (1938). The plaintiff's only other point is that he should have been allowed to introduce the results of a traffic survey conducted two weeks after the accident showing the number of vehicles utilizing the intersection during a twenty-four hour period. (This appears in the appendix as an "offer of proof" at a bench conference, but there is nothing in the appendix to indicate just what led up to the "offer of proof.") In any event, the plaintiff's brief in this regard hardly rises to the level of argument; the plaintiff does not in any way indicate what bearing the survey might, in the circumstances of this case, have had on the duty of care the defendants owed to the plaintiff.

*Judgment affirmed.*

*Paul K. Marshall* for the defendants.
*Laurence J. Rouleau,* for the plaintiff, submitted a brief.

