### AMELIA MERRILL *vs.* DAVID R. PARKER.

The neglect of a married woman, doing business on her separate account, to file the certificate required by St. 1862, *c.* 198, gives the husband no authority to dispose of her separate property.

A husband to secure a debt of his own mortgaged his wife's property; the mortgagee in the presence of the wife threatened to foreclose and demanded more security; the wife said to him "What more do you want? You have a mortgage on all the personal property already:" *Held*, that this would authorize a jury to find that she had ratified the act of her husband in giving the mortgage.

REPLEVIN. At the trial in the Superior Court before *Dewey* J., it appeared that the plaintiff was the wife of Samuel B. Merrill; that the defendant took and claimed to hold the property described in the writ under a chattel mortgage given to him by the husband, and claimed that it was the husband's property at the time of the making and delivering of the mortgage; or if it was at that time the property of the wife, then that the mortgage was given under such circumstances as to be an effective security in the hands of the defendant against the wife.

It also appeared that the plaintiff claimed that the property belonged to her; that since May 2, 1870, she had been doing business, by farming, butchering and peddling in Sandisfield, in her own name and on her own account.

The plaintiff called as a witness the town clerk of Sandisfield with his book of records, and offered to show by him that on May 2, 1870, he received and recorded a certificate signed by her, the original of which was not produced or its absence accounted for. The town clerk testified that he did not know where the original was, whether it was at his office, or whether it had been taken away, or whether it had ever been on file in his office, but that it was left there and recorded by him.

The defendant objected to the introduction of the record copy, on the ground that the evidence offered did not show a compliance with the provisions of St. 1862, *c.* 198; that that statute did not authorize the recording of certificates, or give to a recorded copy the force of a record, or the legal efficacy of the original; that to satisfy the requirements of the statute, the original certificate must be placed on file in the town clerk's office and must remain there; but the court overruled the objection, and admitted the evidence.

The plaintiff testified that her husband acted as her agent in carrying on her business, and that she allowed him to buy, to sell, and to trade as he pleased.

The defendant testified that he furnished to the husband, during the summer and fall of 1870, a large number of beef cattle, which he, the husband, slaughtered and disposed of; that he dealt with the husband as principal, and neither knew nor heard of the wife's certificate as a sole trader till after his dealings with the husband were ended; that the husband gave him in part payment for cattle sold a promissory note for $500, signed by the husband and indorsed by one Edward Stratton and payable on time; that shortly before the note was due he went to the plaintiff's house and saw her and her husband together and told them that he must have payment of the note, or give notice to Stratton of its nonpayment; that upon this the husband offered to give him security for the amount of the note, and for a further sum for cattle sold after the note was given, by executing a mortgage on personal property; that the wife assented to this offer, and said to the defendant, " He will give you good security. He will give you security enough;" that the property to be mort-

gaged was then agreed upon, and that he and the husband went to the house of the magistrate, where the mortgage was prepared and executed and delivered to him.

The defendant also offered evidence tending to show that after the execution of the mortgage some of the property embraced in it was killed by the husband and disposed of in the butchering business; that for this the defendant threatened to prosecute the husband, and also threatened to foreclose the mortgage unless further security was given him for this and for other indebtedness of the husband to him for other cattle furnished by him; that the plaintiff, her husband, the defendant and Stratton met at the office of Norman W. Shore, in Lee, to adjust the matter; that the note and mortgage given by the husband to the defendant were produced; that the wife said to the defendant during the interview and while the defendant was pressing for more security, "What more do you want? You have a mortgage on all the personal property already;" that as the result of this interview, some further security for the additional indebtedness was given the defendant, which he accepted, and refrained from prosecuting the husband and from foreclosing the mortgage.

The plaintiff denied the statement of the defendant as to what took place at her house about the giving the mortgage; and denied that she authorized it beforehand, or had any knowledge that it was to be given; but she admitted that she was informed by her husband afterwards that it had been given.

The defendant asked the court to instruct the jury that if they were satisfied that the plaintiff was informed of the facts connected with the giving of the mortgage before the interview at Mr. Shore's office, it would be competent for them to find, upon the evidence above stated of what took place there, (if believed by them,) that the mortgage even if not made by authority from the plaintiff, was then sanctioned and ratified by her in such a manner as to make it an effective security against her in the hands of the defendant; but the court refused to give these instructions.

The court after calling the attention of the jury to the other evidence, which it was claimed showed an original authority to make, or a ratification of, the mortgage on the part of the plain-

tiff, instructed them among other matters (not objected to) that the evidence of what took place at Mr. Shore's office was competent for their consideration on the question of authority and of ratification, but it would not, alone, be sufficient to authorize the jury to find such a ratification as would give the defendant a title to the property by virtue of a ratification.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*J. Branning & J. Dewey, Jr.*, for the defendant.

*M. Wilcox*, for the plaintiff.

AMES, J.   For the purposes of this trial, it was immaterial whether the certificate provided for in St. 1862, *c.* 198, § 1, had been filed on behalf of the plaintiff with the town clerk of Sandisfield or not.   The purpose of filing such a certificate is merely to protect the separate property of the wife, employed in her separate business, from attachment by the creditors of her husband. As the defendant is not an attaching creditor, he is not in a position to derive any advantage from her neglect to file the certificate, nor to take the objection that there was no sufficient evidence to prove that it had been filed.   The want of this preliminary on her part would not give to her husband any authority to dispose of her separate property, by way of mortgage, or pledge or sale to any of his creditors.   The defendant therefore sustained no harm by the admission of the town clerk's testimony, and his exception to that evidence is overruled as immaterial to the merits of the case.

But with regard to the conversation at the lawyer's office, it was not only competent and proper for the jury to consider in connection with the evidence as to the circumstances under which the mortgage was given, but taken by itself it would have authorized the jury to find such a ratification of the mortgage on her part as would give the defendant a title to the property. Whether the mortgage was made by her husband with her consent and by her authority was in dispute, and it was therefore material for the defendant to show, if he could, a subsequent ratification and sanction of it by her.   The evidence was that while the defendant was pressing for more security she replied : " What

more do you want ?   You have a mortgage on all the personal property already."   The jury would be authorized, on such evidence, to infer not only that she knew that the mortgage had been given, but that she meant the defendant to understand that it was a valid security, and that he needed nothing further; which certainly could not be true if she did not intend to be bound by it.   The instruction on this point was therefore erroneous.

*Exceptions sustained.*