PRALL v. RICHARDS, ADMINISTRATOR.

MARRIED WOMEN—RATIFICATION OF HUSBAND'S ACT.

A husband executed a promissory note and a chattel mortgage on his
wife's goods to secure its payment. The wife refused to sign the
mortgage or to recognize it in any way. However, she furnished
money with which her husband paid one month's interest on the
note. *Held*, that her furnishing such money neither estopped her
to dispute the validity of the mortgage nor established a ratification
of her husband's act in mortgaging the property. In order to es-
tablish such a ratification, not only full knowledge on her part must
be shown, but an intention to ratify and adopt the transaction.

*Appeal from the District Court of Arapahoe County.*

Mr. C. L. DICKERSON, for appellant.

Mr. JOHN HIPP, for appellee.

REED, P. J., delivered the opinion of the court.

An action of replevin brought by Eliza J. Richards during
her life, and, after her decease, prosecuted by her husband
(appellee) as administrator of her estate.

The plaintiff alleged the ownership and right of possession
to certain furniture and household goods (describing them),
and that defendant (appellant) unlawfully and forcibly seized
and took possession of them and refused to return them.

The defendant's answer was a denial of the allegations in
the complaint.

The case seems to have had its share of ventilation and
adjudication. First, a trial in the county court with judg-
ment for the plaintiff; twice in the district court with the
same result; then a trial resulting in a judgment for the de-
fendant, which was set aside; then a trial to the court with-
out a jury, resulting in a judgment for the plaintiff, from
which this appeal was taken.

The evidence shows that the goods were taken by appel-

lant upon what he claimed to be a chattel mortgage for $77.70, with interest at five per cent per month, payable monthly. The note was made by the husband, and was an individual note. The chattel mortgage was drawn as that of both husband and wife, and was executed only by the husband. None of the papers were executed by the wife. The goods were claimed by the wife as her individual property, and that she neither authorized or executed the note and mortgage, and that they were void as against the property.

It is shown that the goods were taken by appellant, placed in the hands of an auctioneer and sold; consequently, there could be no judgment of return. The value of the goods were found to be $300, and judgment was entered for that amount.

There are quite a number of supposed errors assigned, mostly technical, on the admittance and rejection of evidence, but I do not regard any of them of sufficient importance to review them. There may have been strictly technical rulings that were open to criticism, but the mere recital of them, without showing they were prejudicial, and did or might have influenced the result, is not sufficient ground for reversal. The errors must be such as might have changed the result, if they had not occurred. I can find no error of sufficient importance to warrant a reversal.

Appellant relies upon an estoppel, based upon the fact that deceased paid the interest for one month, but the evidence is too vague and indefinite to work an estoppel or establish a ratification. It is shown that the money was that of the wife,—was by her given to the husband, and by him sent to the appellant. This is insufficient. Not only full knowledge upon the part of the wife must have been shown, but an intention to ratify and adopt the transaction must be shown. The fact of her furnishing the money to the husband would not establish it. It was certainly not evidence of ratification, and was confronted with the established fact that she had persistently refused to execute the papers or recognize them.

The only real question in the case was to whom the goods

belonged, whether to the husband, the wife, or both. It was resolved in favor of the wife three or four times by a jury, and once by the court, and, being a question of fact, with evidence to support the finding, the judgment should not be disturbed.

*Affirmed.*

## ON REHEARING.

PER CURIAM. We are strongly pressed on the argument of the petition for rehearing to reconsider the opinion for the error said to have occurred in our determination of the application and effect of the doctrine of estoppel, as applied to the transaction between Prall, the mortgagee, and Mrs. Richards, deceased, who was not the mortgagor, but is alleged to be bound by the instrument because of some arrangement which she made antecedent to the execution of the security with Prall, who loaned the money. We are quite of the opinion the case has been correctly decided, and that there should be no change in the judgment, because the question which is suggested in the brief and urged on our attention is not properly preserved in the record. The case was twice tried, and, on the trial in the county court, judgment was entered against the appellant, whose claim that there is error in the record is based wholly on the proposition that the evidence discloses facts which prevent the plaintiff from maintaining the suit. The case having been tried to the court without a jury, we are not at liberty to review the case on the testimony, and decide thereon that the judgment was incorrectly entered, because no exception to the judgment is saved or preserved in the bill of exceptions. At nearly every term of court we are called on to reverse cases on the contention that the judgment is unsupported by the evidence, when the parties have wholly neglected to do that which has been uniformly decided in the state to be prerequisite to the right of the appellate courts to review the case on the testimony. The appellant is therefore in no position to insist on the principal error which he alleges inheres in the record. Aside from this consideration, we are

very frank to say the case is not brought within the authority of *Merrill v. Parker*, 112 Mass. 250, which is cited as an authority for the appellant's contention. The case wholly fails to show any misrepresentation on the part of Richards or his wife with reference to the ownership of the property. The mortgage originally ran in the names of both Richards and his wife; was intended to be executed by both, on the theory and understanding that it was joint property as to certain parts of it, and individual property as to other parts, belonging, respectively, to the husband and wife; and Prall was advised that, to include the wife's property, it was essential she should execute the instrument. It is insisted by the appellant in his testimony, as well as urged by counsel in the argument, that, the wife having agreed to execute the mortgage, Prall, as mortgagee, was entitled to take possession of the property, and the wife estopped to insist on her claim. The answer to the contention is that the mortgagee had full knowledge of the ownership. The agreement on the part of the wife was not that the husband should execute the mortgage, and she be thereby bound, nor that the property was the husband's, and the mortgage conclusive on her, because she would not be permitted, under the circumstances, to deny the husband's ownership. If anything, it was an agreement by the wife to execute a mortgage on her property to secure the nonpayment of the money. Under some circumstances, and in some form of a suit, the equitable rights of the mortgagee, if any, might be protected, and he be able to bind the property with the equitable lien, if he was able to convince the court that such an agreement had been made, and that he parted with his money on the faith and strength of this contract on her part to execute a security on the property described. We are not concerned with this question, and we do not declare what the law would be under other circumstances. We simply hold that what was done by the mortgagee was to foreclose a mortgage on property which was not properly bound by the instrument, and, so far as we are able to see, he made no proof which would operate to estop the wife or her representative from insisting that the

goods were not covered by the lien.   The suggestions which
we make in this direction are simply to show that no such
case was made out as would require or permit the applica-
tion of the doctrine of estoppel, although, as we have before
said, we do not regard the matter as legitimately or properly
before us, or that we are required to express any opinion about
it.   The judgment was properly affirmed, and it will not be
disturbed on this rehearing.