CONSTANTINA KOLAS *vs.* ELZEAR J. LAROCHELLE.

Middlesex.   November 6, 1929. — January 15, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Attachment,* Sale of property under attachment. *Practice, Civil,* Opening statement by counsel. *Evidence,* Admissions. *Married Woman. Trespass,* Ab initio. *Notice. Conversion.*

At the trial of an action of tort against a deputy sheriff for the conversion, by attachment, of cows and calves, the counsel for the plaintiff, in his opening statement to the jury, stated that the simple issue was, who owned the cows and calves on the day of the attachment. During the examination of witnesses which followed, counsel stated, in answer to a question by the trial judge, that he intended to raise a question about the validity of an appraisal and sale of the cows and calves by the defendant subsequent to the attachment. There was evidence that they had been transferred by bill of sale to the plaintiff, a married woman, who thereafter had kept them in her possession and had used them on a farm which she conducted on her separate account; that she lived on the farm with her husband; that neither she nor her husband had caused to be recorded a married woman's certificate under the provisions of G. L. c. 209, § 10; that the attachment was made in an action against the husband; that the cows and calves thereupon were removed to a nearby city where, following a request by the attaching creditor for appraisal and sale under G. L. c. 223, they were caused to be appraised and were sold by the defendant; that the defendant had given notice of the proposed sale by posting a notice in the town where the plaintiff lived and by advertising in a newspaper in the city in which the sale took place; and that there was no newspaper published in the town. The present action was commenced subsequent to the attachment but before the sale. The trial judge ordered a verdict for the defendant. The plaintiff alleged exceptions. The bill of exceptions included the statement by the plaintiff's counsel in his

opening to the jury, and stated that the inclusion thereof was against the plaintiff's objection and subject to her exception. *Held*, that

(1) Although opening statements by counsel ordinarily ought not to be included in bills of exceptions, parties may be bound by admissions made by counsel in the course of opening statements;

(2) In the circumstances, the statement by the plaintiff's counsel as to the issue to be tried did not prevent the plaintiff from showing that the sale of the cows and calves, as conducted by the defendant, was invalid;

(3) Since the defendant had not given notice of such sale in the manner required by G. L. c. 223, § 87; c. 235, § 37, the sale was invalid;

(4) By reason thereof, the defendant became a trespasser *ab initio* with respect to the cows and calves; and the ordering of the verdict therefore could not be justified on the ground that the action had been commenced previous to the sale;

(5) Although, under the provisions of G. L. c. 209, § 10, the plaintiff's cows and calves were liable to be attached and sold as her husband's property in proceedings properly conducted against him, the plaintiff, under that statute, could not be deprived of her rights in her property by illegal proceedings;

(6) Said § 10 did not deprive the plaintiff of her right to contest the validity of the defendant's conduct;

(7) The verdict was ordered erroneously.

TORT against a deputy sheriff for the conversion of four cows and three calves. Writ dated September 9, 1925.

A portion of the opening statement by the plaintiff's counsel to the jury and material evidence at the trial in the Superior Court before *Whiting*, J., are described in the opinion. The judge ordered a verdict for the defendant at the close of the evidence. The plaintiff alleged exceptions. The bill of exceptions stated that such portion of counsel's opening to the jury was included therein against the plaintiff's objection and subject to her exception.

*R. B. Walsh*, for the plaintiff, submitted a brief.

*F. Goldman*, for the defendant.

CARROLL, J. The defendant, a deputy sheriff, attached four cows and three calves as the property of Mathis Kolas by virtue of a writ in which Kolas was named defendant, and Kremer and Parker, creditors of Mathis Kolas, were the plaintiffs. Costantina Kolas, the plaintiff in the present case, is the wife of Mathis.

There was evidence that the cows and calves had been purchased by Thomas Kolas, the plaintiff's son, and trans-

ferred to her "by bill of sale prior to the attachment"; that at the time of the attachment, August 13, 1925, she "still retained such title as she had acquired by virtue of said bill of sale"; that she was in possession of the animals when they were attached and they were kept at a farm in Chelmsford where she and her husband lived. The plaintiff admitted that at the time of the attachment she was carrying on the farm and selling milk on her separate account; that the cows and calves were used in this business; that neither she nor her husband had caused to be recorded with the town clerk of Chelmsford a married woman's certificate as required by G. L. c. 209, § 10.

It further appeared that the defendant removed the animals when attached to Lowell; that on September 4, 1925, Kremer and Parker, the plaintiffs in the original writ, made application to the defendant under G. L. c. 223, § 88, that the animals be appraised and sold as they were liable to perish and could not be kept without great and disproportionate expense; that the defendant gave notice to the attorney of Mathis Kolas, and caused the attached property to be appraised; that on September 5, 1925, the officer gave notice of the intended sale by posting a notice in the town hall in Chelmsford and by causing an advertisement to be inserted on the ninth day of September, 1925, in a newspaper published in Lowell, and on the tenth of September the attached property was sold at public auction; that thereafter the plaintiffs in the original action recovered judgment against Mathis Kolas, and on the execution which issued the defendant here paid to the execution creditors the proceeds of the sale.

The present action is in tort for the conversion of the four cows and three calves. A verdict was directed for the defendant and the plaintiff excepted.

The plaintiff's principal contention is that the defendant in making the sale did not observe the statute because he posted no notice as required in Lowell, where the sale was made, nor did he cause an advertisement to be inserted in a newspaper, if any, published in the town where the debtor had his last and usual place of business. The defendant

contends that the attached property is to be treated as the property of Mathis, the husband, for the reason that the wife did not file a married woman's certificate, and therefore cannot raise the question of the defective notice. It was also contended that the plaintiff cannot raise the question of the imperfect notice because of the admission made by her counsel at the trial of the present action.

G. L. c. 209, § 10, requires that a married woman doing business on her separate account shall cause a certificate to be recorded in the town clerk's office where she does business, stating the nature of the business, her name and that of her husband, and certain other facts. If such certificate is not filed by the wife or her husband, the personal property employed in such business may be attached as the property of the husband and be taken on execution against him. The certificate was not filed as required by the statute.

The plaintiff's counsel in his opening stated to the jury that the case presented a simple issue; that the issue was, who owned the four cows and three calves on August 13, 1925; that he would try to show that the plaintiff owned them; that, at the time the property in question was attached, the defendant attached certain other cows belonging to Mathis Kolas, to the taking of which there was no objection. The plaintiff called the defendant as a witness. During the course of his testimony, in answer to a question of the judge, the plaintiff's attorney stated it was agreed that there was no dispute about the validity of the attachment "as against the property of said Mathis Kolas." The defendant was then asked if on September 4, an application was made for an appraisal of the animals on the ground that they were liable to decrease in value. The judge asked plaintiff's counsel if the validity of these proceedings was questioned, to which counsel replied: "There is a little question about that . . . and I want to put it in the record"; he further stated, in effect, that he would show that the plaintiff had a right of possession and could recover; that there might be some question on the evidence "whether she had possession or any title. That would make this question important." The plaintiff's counsel then proceeded with

the trial. It appeared that the defendant sold at auction all the animals attached as perishable property, and it was contended by the plaintiff that the defendant did not comply with the statute relating to the sale of such property and was a trespasser *ab initio*.

The opening of plaintiff's counsel was included in the record for the purpose of showing a binding admission. It was held in *Mercier* v. *Union Street Railway*, 230 Mass. 397, 406, that the opening of counsel ought not to be included in a bill of exceptions. But admissions made by counsel have binding force even when made in the opening of a case. We do not understand that the entire opening of counsel is inserted in the record. What is stated is merely for the purpose of showing the admission made in the opening. In our opinion the statement made by counsel to the effect that the only issue was the ownership of the cows and calves claimed by Mrs. Kolas as her property did not prevent him from supplementing' his contention and showing that the sale as conducted was invalid. While it did not clearly appear when the statement was made what invalidity was relied on, it did appear when the evidence was introduced that the plaintiff did question the validity of the proceedings. *Commonwealth* v. *Retkovitz*, 222 Mass. 245, 252, 253.

After the application for appraisement had been made and the attached property was to be sold, (G. L. c. 223, §§ 88, 92,) the attaching officer proceeded to give notice of the sale, (§ 92, directing the officer to sell as provided in § 87, which requires that the property should be sold in the manner stipulated by law for selling like property on execution). The sale of personal property on execution is governed, so far as applicable here, by G. L. c. 235, § 37, which provides that the officer shall give notice of the time and place of sale by causing notice to be posted in a public place in the town where the sale is to be made, or by publishing an advertisement of the time and place of sale in a newspaper, if any, published in the town where the debtor had his last and usual place of abode.

The officer gave notice of the time and place of sale by

posting in the town hall in Chelmsford a notice, and causing an advertisement to be published in a Lowell newspaper. The sale took place in Lowell according to the notice. The plaintiff lived in Chelmsford. No notice was posted in Lowell where the sale took place, the statute requiring that notice shall be posted in a public place in the town where the sale is to take place. It did not appear that there was a newspaper published in Chelmsford. By failure to comply with the statute by posting a notice in a public place in the city of Lowell, where the sale took place, the proceeding was invalid. The officer did not act according to law; he exceeded the limits of his authority; he became a trespasser *ab initio*. And although the action was brought by Mrs. Kolas after the attachment, but before the invalid sale was made, the defendant justifying his acts under the precept and it appearing that he went beyond his lawful authority in not giving the proper notice and posting it in the city of Lowell, she can recover, as the officer in conducting the sale proceeded in violation of law. " . . . the law presumes that the original taking was not for the purpose of serving his precept, but as a trespasser." *McGough* v. *Wellington,* 6 Allen, 505, 508.

The defendant argues that under G. L. c. 209, § 10, as the plaintiff failed to file a married woman's certificate the property is to be treated as belonging to her husband, who alone can raise the question of an invalid sale by the attaching officer. We do not agree with this argument. The wife, under such conditions, does not lose all rights in the property. It is liable to be attached and sold by her husband's creditors under lawful proceedings, but this gives no right to a trespasser to convert her property by an illegal proceeding. The earlier statutes are not, in our opinion, contrary to this, and G. L. c. 209, § 10, did not deprive the plaintiff of the right to contest the legality of the sale of her property. *Allen* v. *Clark,* 190 Mass. 556, 560. See *Merrill* v. *Parker,* 112 Mass. 250.

There is nothing in *Wolcott* v. *Root,* 2 Allen, 194, in conflict. The decision in *Parsons* v. *Henry,* 197 Mass. 504, relied on by the defendant, does not support his contention.

There was evidence that Mrs. Kolas owned the animals involved in the action. The defendant did not show he was acting according to the authority given him in dealing with her property, therefore a verdict for the defendant could not be directed properly.

*Exceptions sustained.*