ROBERT SERVISON, by ROY SERVISON, his next friend, Appellant, v. YOUNG MEN'S CHRISTIAN ASSOCIATION, Appellee.

No. 45418.

MARCH 18, 1941.

·Fitzpatrick & Barlow, for appellant.

Senneff & Senneff, for appellee.

SAGER, J.—We adopt plaintiff's statement of facts:

"The plaintiff alleged that he, at the time of the injury, was a minor and a paying member of the Young Men's Christian Association of Mason City, Iowa, which association maintains a building which includes gymnasium facilities and a swimming pool. That adjacent to the pool there were showers for the use of the members. That on July 10, 1934, the plaintiff entered the building and, before taking a swim, stepped into a shower slipping and injuring his elbow.

"The wound was attended to by an employee of the defendant who poured concentrated iodine on the wound which became infected and the plaintiff suffered an osteomyelitis condition in his hip which has left him permanently crippled, one leg being shorter than the other, and which condition caused him much pain."

But one error is assigned and that was that the court was in error in ruling "that a nonprofit charitable institution is not liable to a beneficiary of its charity in a tort action for negligence of its servants."

That appellant cites a large number of authorities which we are not called on here to analyze. This case is ruled by Mikota v. Sisters of Mercy, 183 Iowa 1378, 168 N. W. 219, which sustains the ruling of a trial court. Appellant in effect concedes

this but urges that a sounder public policy would impose liability and thus make for a stricter and more careful management of institutions of like character. In support of this appellant relies in part on the language taken from Andrews v. Y. M. C. A., 226 Iowa 374, 284 N. W. 186.

It is not claimed that this overrules the Mikota case but it is thought that the opinion in the Andrews case points to a rule which the plaintiff says is the better one, to wit: That charitable institutions should be held liable in cases like this. Appellant's argument, able and learned though it is, leaves us unpersuaded. The Andrews case, supra, is readily distinguishable. It expressly recognizes, at page 384 of 226 Iowa, page 192 of 284 N. W., the authority of that decision in this language:

"The next question for determination is whether the deceased was a beneficiary of the charity, or of the benevolent aid of the appellant, as outlined above, and within its charter and work. For if he was such beneficiary, then that is an end of this case under the authority of the Mikota case, and of the majority of the authorities in this country."

We hold that the ruling of the demurrer of the trial court was right and its judgment is affirmed.—Affirmed.

HALE, C. J., and MITCHELL, STIGER, OLIVER, MILLER, GARFIELD, and WENNERSTRUM, JJ., concur.

BLISS, J., takes no part.