Caer, J.,
Concurring:
I concur with the reasoning and the result of the principal opinion. To avoid misunderstanding, however, it should be made clear that the opinion does not suggest that the provisions of all statutes may be avoided by waiver or estoppel.
The act relating to married women’s certificates, like Gen. Laws, ch. 110, sec. 5 which requires the recording of a name assumed for the transaction of business (Huey v. Passarelli, 267 Mass. 578, 583) is one of limited purpose. *72 Kolas v. LaRochelle, 270 Mass. 49, 54. cf McLearn v. Hill, 276 Mass. 519, 525. It deals only with the rights of certain creditors against a married woman and her husband. The only consequence of failure to comply with the statute is civil liability. (Allen v. Clark, 190 Mass. 556, 559). Rights acquired by reason of such failure may be released (Browning v. Carson, 163 Mass. 255, 259, 260). The Commonwealth is not concerned whether there is compliance with the statute; there is no criminal penalty for it to enforce. - Enforcement is solely in the hands of individuals who may profit; therefore their conduct may keep them from acquiring the right to enforce.