ELIZABETH HOLIDAY *vs.* FIRST PARISH CHURCH OF GROTON.

Middlesex.  October 7, 1959. — November 5, 1959.

Present: WILKINS, C.J., RONAN, SPALDING, WILLIAMS, & WHITTEMORE, JJ.

*Negligence,* Invited person, Guest.  *Practice, Civil,* Exceptions: saving of exception.

Evidence did not show that a visitor to a church's meeting house was more than a guest when, after she had been taken to the attic by the minister to see the bell, she fell and was injured by reason of a defective handrail which the minister had told her to hold, and she could not recover from the church for her injuries in the absence of gross negligence on its part.  [693]

Where a trial judge interrupted and excused a witness testifying for the plaintiff, told the jury that he saw no liability, refused to receive testimony from another witness for the plaintiff or an offer of proof of such testimony, and allowed a motion then presented by the defendant for a directed verdict, an exception immediately afterwards taken by the plaintiff "to that ruling" was to the direction of the verdict and not to the refusal of the judge to receive testimony or an offer of proof. [693-694]

TORT.  Writ in the Superior Court dated April 20, 1955.

The action was tried before *Morton,* J.

*Borris M. Komar,* for the plaintiff.

*John L. Lyman,* for the defendant.

WHITTEMORE, J. The bill of exceptions in this action of tort shows undisputed evidence of these facts: The plaintiff, being interested in historical monuments, went to Groton on April 30, 1954, to see several buildings including the meeting house of the defendant, which had had some national publicity. The Reverend Richard Archer, the minister, who had from time to time taken visitors to and through the church, took the plaintiff and her friend, Mrs. Hill, a resident of Groton, through the building. "The parties went to the attic to see the Paul Revere bell and peg construction." While the plaintiff stood on a platform in the attic with her hand on a rail, which Mr. Archer had told her to hold, something gave way, and the plaintiff fell and was injured. Thereafter the railing was askew with one end hanging down. A book for visitors' signatures was kept in the building.

A verdict for the defendant was properly directed on this evidence, even were the doctrine of charitable immunity (*Barrett* v. *Brooks Hosp. Inc.* 338 Mass. 754, 755–756, and cases cited) inapplicable, which we do not intimate, not having reached that point. The plaintiff was at best a guest and there was no evidence of gross negligence. It is immaterial that Mr. Archer led the plaintiff to the attic and told her to hold the rail. The legal relationship was not changed. *Comeau* v. *Comeau*, 285 Mass. 578. *Aragona* v. *Parrella*, 325 Mass. 583. *O'Brien* v. *Shea*, 326 Mass. 681. *Palter* v. *Zarinsky*, 338 Mass. 256. A finding that the public was invited to the building for the defendant's purpose with the result that visitors became invitees in law could not be predicated on the inferable fact that the defendant cooperated in giving the building publicity or on the keeping of the visitors' book.

The plaintiff shows no valid exception in respect of the judge's action in declining to permit one May to be called "for one . . . or two questions" or to receive an offer of proof. The judge, earlier, had asked if there was more evidence on liability, the plaintiff's counsel had answered "Well, of course, I have the Reverend Archer," and Mr.

Archer had been called. While he was testifying to facts corroborative of the plaintiff's testimony, the judge interrupted, excused the witness and told the jury he saw no liability. After the judge had then ruled in respect of the offer of May's testimony, the defendant filed its motion and the judge directed the verdict. The judge then said "Save your exception," and also answered affirmatively to the question of plaintiff's counsel: "[M]ay I have an exception to that ruling?" The plaintiff is not helped by an assumption that this could have been construed as a belated request for an exception to the earlier rulings, for it does not appear that it was or should have been so construed by the judge. Although there is, therefore, no ruling before us for review, we note in the plaintiff's reply brief a statement which shows that the intended testimony could not have affected the result.[1]

There was no exception to the direction of the verdict before the plaintiff had formally rested the case as to liability. It is not material, therefore, that there may have been still other evidence which counsel could have adduced. We note, however, that, as listed in the plaintiff's brief, the evidence now stated to have been desired, inclusive of and additional to May's testimony, would not have shown gross negligence or that the plaintiff was an invitee.

*Exceptions overruled.*

---

[1] The brief states that May was chairman of the parish committee and "was subpoenaed to testify with respect to the condition of the rail inspected by him and the work done on it by the carpenter hired by him."