EVA MEREDITH *vs.* MARION McLAUGHLIN & another. April 26, 1961. Exceptions overruled. In this action of tort the judge directed a verdict for the defendants, subject to the plaintiff's exception. There was evi-

dence of the following: The plaintiff and her daughter visited the home of the defendants for social purposes. During the visit they stated that they were going to the bathroom, which was on the second floor. They had been to the defendants' home on prior occasions but there was no evidence that they had ever been upstairs. When they went up the stairs there was no light in the upper hall. As the plaintiff was approaching the second floor landing she "called down to . . . the defendants . . . 'Where is the light?'" One of the defendants replied, "It's on the wall, keep walking and you'll find it." The plaintiff "thereupon turned right at the second floor landing" and while "feeling" for the light switch she "fell down an open stairway that she knew nothing about." The stairway was unlighted and there were no barriers or handrails; it was "located at the right of the upper landing and within several feet or 'two or three steps' of the head of the first stairway and off the same landing." The plaintiff, who was a guest of the defendants, could recover only upon proof of gross negligence. *Comeau* v. *Comeau*, 285 Mass. 578. The evidence would not warrant a finding of gross negligence and the judge rightly directed a verdict for the defendants. See *Aragona* v. *Parrella*, 325 Mass. 583; *Palter* v. *Zarinsky*, 338 Mass. 256; *Holiday* v. *First Parish Church of Groton*, 339 Mass. 692.

*Esther Maltzman*, for the plaintiff.
*Endicott Peabody*, for the defendants.