MRS. ESTHER SULLIVAN, appellant, v. FIRST PRESBYTERIAN CHURCH, Waterloo, Iowa, appellee.

No. 52354.

(Reported in 152 N.W.2d 628)

1374

Theodore T. Duffield and James A. Lorentzen, both of Des Moines, for appellant.

Swisher, Cohrt, Swisher, Finch & McCann, of Waterloo, for appellee.

GARFIELD, C. J.—This is a law action to recover for personal injury from a fall in defendant-church. Following trial and verdict for plaintiff judgment was entered for defendant notwithstanding the verdict. Plaintiff has appealed.

Two grounds of defendant's motion for judgment were sustained. First, that defendant was relieved from liability for negligence of its employees by the doctrine of charitable immunity. Second, plaintiff as a matter of law was not an invitee to defendant-church. Other grounds of the motion were over-

ruled. Plaintiff assigns as error the ruling on each of these two grounds. We hold neither ground was good.

The evidence material to the appeal is undisputed. Of course we view it in the light most favorable to plaintiff. Rule 344(f) (2), Rules of Civil Procedure. The evidence to which we refer relates to whether a jury question was presented on plaintiff's status as an invitee to the church, as she contends, or at best a licensee, as defendant argues. We use terms understood by those who are not Presbyterians more readily than such terms as Synodical, Presbytery and Presbyterial.

I. Plaintiff was injured while attending an annual spring meeting of the women's organization of one of the six districts (the North Central) which form the state organization of the women of the church. The North Central district included sixty-six churches with 5000 women. Plaintiff was president of the state organization and lived in Des Moines. Defendant-church had invited the state organization to hold the district meeting there and the invitation was accepted. The program for the meeting was arranged by the executive committee of the state organization and the president of the North Central district.

It was plaintiff's duty to attend the district meetings when invited. The district president, who was in charge of the meeting and sent notices concerning it to the churches in the district, invited plaintiff to attend and she accepted. Plaintiff drove her car from Des Moines to Waterloo, taking with her a lady missionary of the church who attended all district meetings in the state with plaintiff.

Plaintiff had been asked to take an important part in the program. In the forenoon she extended "the official greetings" to the district from the state organization and installed the 12 to 15 new district officers. Near the close of the afternoon session she was to conduct a dedication ceremony for one or more delegates from the district to a national church meeting and also conduct another ceremony at the close of the meeting "with our speaker of the day."

Plaintiff was injured as the afternoon session was about to commence. She was seated in the front row of the meeting room waiting to see another lady who had not arrived. Plaintiff's part

in the afternoon program was to be accompanied by music from the organ. She wanted the organist to be prepared to furnish the desired music for the part, left her seat and went up on the podium to confer with the organist. (The small light for reading the organ music was lighted.) After reaching the higher floor level she was able to see the organist was not seated at the organ.

Seeing a door at one side of the podium that she thought probably led to a room where the organist might be, plaintiff attempted to go through the door to locate her. There was a step down when the door was opened which plaintiff did not see, she stepped off into space, fell and was injured.

II. The jury was instructed that an invitee is one who comes upon the premises at the express or implied invitation of the one who controls the property on business of mutual interest to both or in connection with the business of the owner.

A licensee was defined as one who comes upon the premises by invitation or acquiescence in furtherance of the business, pleasure or convenience of the licensee.

The jury found plaintiff was an invitee upon defendant's premises when injured.

On the question of charitable immunity the jury was instructed that charitable institutions are immune from liability for damages resulting from the negligence of their employees and this is based on public policy. Also that there is an exception to this rule where the person injured was neither a recipient of the benefactions, nor the beneficiary, of the charitable institution sought to be held liable. Further, that plaintiff could not recover if the jury found she was such recipient or beneficiary of defendant-church.

III. On the question whether plaintiff, as a matter of law, was not an invitee to defendant-church as the trial court ruled, we do not find this contention was clearly raised in defendant's motion for directed verdict upon which its motion for judgment notwithstanding verdict was based. Defendant's motion for judgment could not properly be sustained on a ground not asserted in its motion to direct verdict. Rule 243(b), Rules of Civil Procedure; Friedman v. Colonial Oil Co., 236 Iowa 140, 145, 18 N.W.2d 196, 199; Siebert v. State Farm Mut.

Ins. Co., 251 Iowa 1060, 1063, 103 N.W.2d 757, 759, and citations; Comer v. Burns, 255 Iowa 251, 256, 122 N.W.2d 305, 309.

Defendant's motion to direct did assert that *if* plaintiff were an invitee she had exceeded the extent of the invitation at the time of the injury. However, the trial court overruled the ground of the motion for judgment which reasserted this contention.

IV. In any event, as before indicated, we think the issue of plaintiff's status as an invitee or otherwise was properly for the jury.

■ The definition of an invitee contained in the instruction referred to in Division II, supra, is substantially that approved in Holmes v. Gross, 250 Iowa 238, 248, 93 N.W.2d 714, 720, and citations; Smith v. Cedar Rapids Country Club, 255 Iowa 1199, 1203, 124 N.W.2d 557, 560; Anthes v. Anthes, 258 Iowa 260, 139 N.W.2d 201, 204.

■ There is undisputed evidence plaintiff received an express invitation from the district president to attend this meeting and take an important part in the program. It seems to have been the trial court's view that as a matter of law plaintiff's attendance was not on business of mutual interest or in connection with defendant's business but was in furtherance of plaintiff's own business, pleasure or convenience. We must disagree with this view.

Defendant relies on some holdings from other jurisdictions that one who attends religious services in a church is a licensee, rather than an invitee, since he does so for his own edification or spiritual benefit, not for the benefit of the church. Coolbaugh v. St. Peter's Roman Catholic Church, 142 Conn. 536, 115 A.2d 662; McNulty v. Hurley, Fla., 97 So.2d 185; Holiday v. First Parish Church, 339 Mass. 692, 162 N.E.2d 48. See annotation, 80 A. L. R.2d 806, 810. Weigel v. Reintjes, Mo. App., 154 S.W. 2d 412, 416, reaches a contrary result.

The precedents cited are not controlling under the factual situation here. This was not the usual church service. It was one of a series of meetings to promote the objects and purposes of the Presbyterian church, to review the work done by the women's organization during the past year and plan the work for

the coming year. Plaintiff was not the ordinary attendant whose main contribution to it was her presence. Plaintiff was to be one of the principal contributors to the meeting. The jury could properly find her attendance was on business of mutual interest to her and defendant-church or even mainly in connection with the business of defendant and the other churches in the district.

See in support of these views Price v. Central Assembly of God, 144 Colo. 297, 356 P.2d 240; Davis v. Central Congregational Soc., 129 Mass. 367, 34 Am. Rep. 233; Atwood v. Board of Trustees of First Presbyterian Church, 26 N. J. Super. 607, 98 A.2d 348, 349, 350; Mayer v. Fairlawn Jewish Center, 71 N. J. Super. 313, 177 A.2d 40; DeMello v. Saint Thomas the Apostle Church Corp., 91 R. I. 476, 165 A.2d 500. See also annotation, supra, 80 A. L. R.2d 806, 811–813.

In the Price case plaintiff went to the church to attend a regular meeting of the women's missionary group through which the missionary fieldwork of the church was largely carried on. In Davis plaintiff was attending a conference of Congregational churches in the vicinity, including defendant's church, to which delegates from other churches were invited. In Atwood plaintiff was a Sunday School teacher serving without compensation. The quotation found at page 813 of 80 A. L. R.2d from the opinion is applicable here. In DeMello plaintiff was a communicant of defendant-church and member of a women's organization within it who had gone to the church to help prepare for a church supper, fell and was injured.

Lattner v. Immaculate Conception Church, 255 Iowa 120, 121 N.W.2d 639, may interest those who care to pursue further the question of plaintiff's status as an invitee or otherwise.

■ If plaintiff was an invitee to defendant-church as the jury found, defendant owed her the duty to exercise ordinary care to keep the premises in reasonably safe condition. Smith v. Cedar Rapids Country Club, supra, 255 Iowa 1199, 1203, 124 N.W.2d 557, 560, and citation.

■ V. As indicated in Division III, supra, one ground of defendant's motion for judgment was that if plaintiff were an invitee she had exceeded the extent of the invitation at the time of the injury and was then a bare licensee to whom defendant

owed only the duty to take no affirmative action which might injure her. As stated, this ground of the motion was overruled. However, defendant urges it here in support of the judgment. This it may do. Ashby v. Haugh, 260 Iowa 1047, 152 N.W.2d 228, 232, and citations.

█ We think the ground is without merit. The issue was properly for the jury which evidently found against defendant's position. As stated in Division II, supra, the jury expressly found plaintiff was an invitee at the time and place she was injured.

Keeran v. Spurgeon Mercantile Co., 194 Iowa 1240, 191 N.W. 99, 27 A. L. R. 579, is the only authority cited in support of this ground of defendant's motion. We do not regard the precedent as factually in point. There plaintiff left his coat in defendant's store solely for his own accommodation and was injured when he returned to get it at a place in the store where customers were not reasonably expected to go. "The appellant was at the store at the time of the injury for his own accommodation. He was a mere licensee in going to the store to procure his coat * * *." (Page 1244 of 194 Iowa)

Here, as we have tried to explain, plaintiff was attempting to locate the organist to confer with her regarding the music for part of the program assigned to plaintiff. She testified she believed the door led to a room where the organist might be found. We cannot say the belief was not one plaintiff could reasonably be expected to reach. Plaintiff was not, as a matter of law, acting merely for her own convenience or accommodation at the time she was injured so as to lose her status as an invitee. Sulhoff v. Everett, 235 Iowa 396, 401–403, 16 N.W.2d 737, 740, 741, and citations, and Holmes v. Gross, 250 Iowa 238, 248, 249, 93 N.W. 2d 714, 720, 721, lend support to our conclusion.

█ VI. The issue of charitable immunity remains.

It is doubtless true that a religious institution is a charitable one. Bianchi v. South Park Presbyterian Church, 123 N. J. L. 325, 8 A.2d 567, 124 A. L. R. 808, 812, and citations, and annotation, 814, 815.

As explained in Division II, supra, it was the trial court's view that charitable institutions are immune from liability for

damages resulting from the negligence of their employees except to those who are not recipients of the benefactions, or beneficiaries, of the charitable institution sought to be held liable. To this was added the statement there is a right of recovery against charitable institutions for their negligence in favor of those unconcerned in and unrelated to the operation of the institution.

The instruction is a fair statement of the effect of our decisions in Mikota v. Sisters of Mercy, 183 Iowa 1378, 168 N.W. 219; Andrews v. Y. M. C. A., 226 Iowa 374, 284 N.W. 186; Servison v. Y. M. C. A., 230 Iowa 86, 296 N.W. 769, and some precedents from other jurisdictions. However, in our view the instruction is not in accord with our opinion in Haynes v. Presbyterian Hospital Assn. (1950), 241 Iowa 1269, 1274, 45 N.W.2d 151, 154, which overrules the Mikota and Servison cases and holds "incorporated charity should respond as do private individuals, business corporations, and others, when it does good in the wrong way."

This pronouncement was intended to abrogate the doctrine of nongovernmental charitable immunity in Iowa and it has been so interpreted. Annotation, 25 A. L. R.2d 29, 74, 124; 15 Am. Jur.2d, Charities, section 158; A. L. R.2d, Later Case Service, Volume 3 (1965), page 157. We so interpret the Haynes opinion now. 15 Am. Jur.2d, Charities, section 158, cites it and many others for this: "There is a line of authorities supporting the view that a nongovernmental institution is not, merely because of its nature as a charity, immune from liability for damages in tort."

The cited text continues:

"The trend of the decisions definitely appears to be in this direction, and the opinion among textwriters and legal scholars other than the courts themselves almost uniformly supports the doctrine of liability as against that of immunity. * * *

"Under these decisions, even a church, although engaged in a recognized field of charitable activity, is liable for negligence of its officers and employees on the same basis as any other corporation or individual."

Annotation, 25 A. L. R.2d 29, 142, states: "The trend of recent decisions is away from immunity and toward liability."

This is followed by a summary of the then existing rules in various jurisdictions upon the immunity of a charity from tort liability.

It is true plaintiff in the Haynes case was a paying patient in defendant's hospital but the decision does not rest upon this fact. Nor does this furnish a sound basis for distinguishing the cited case from the present one. The first sentence of the Haynes opinion is: "This appeal presents a single question, namely, Is a charitable institution liable for damages for the negligence of its employees in administering the charity?" We answered in the affirmative.

Annotation, 25 A. L. R.2d 29, 104, states: "In the view of numerous authorities a charity's immunity from tort liability does not depend upon whether or not a victim of the charity's negligence pays for services rendered to him by the charity."

We note our Haynes opinion mentions the different theories upon which the charitable immunity rule has been based, notably public policy, and holds they are no longer persuasive. Andrews v. Y. M. C. A., supra, 226 Iowa 374, 412, 284 N.W. 186, had already pointed out that such theories, other than public policy, had little of real merit to recommend them.

No extensive review of decisions from other jurisdictions supporting our holding is deemed necessary. A. L. R.2d Later Case Service, Volume 3 (1965), and its 1967 Supplement briefly analyze cases decided later than those referred to in annotation, 25 A. L. R.2d 29–200 and bring virtually to date the summary of rules in the various jurisdictions found in the annotation in 25 A. L. R.2d.

Widell v. Holy Trinity Catholic Church, 19 Wis.2d 648, 121 N.W.2d 249, and Foster v. Roman Catholic Diocese of Vermont, 116 Vt. 124, 70 A.2d 230, 25 A. L. R.2d 1, are recent precedents rejecting the defense of charitable immunity of a church from liability for negligence to a member of the parish, regardless of whether the injured person was a beneficiary of the charity. We frankly concede there are decisions from other jurisdictions which support the view expressed in the court's instructions to the jury here on the question of charitable immunity.

Our conclusion makes it unnecessary to decide whether a jury question was presented on plaintiff's status as a beneficiary of defendant's charity. We will say, however, that if the court's abstract view of the law were accepted it is not clear to us plaintiff, as a matter of law, was such beneficiary, as the term is used in this connection.

With directions to reinstate the jury verdict and enter judgment thereon the judgment appealed from is—Reversed and remanded.

All JUSTICES concur except LEGRAND, J., who takes no part.