VALERIE LYNN BOYAJIAN & another *vs.* PAUL KACHADORIAN.

Middlesex.    February 5, 1970. — March 4, 1970.

Present: WILKINS, C.J., SPALDING, KIRK, SPIEGEL, & REARDON, JJ.

*Negligence*, Guest, Gross negligence. *Practice, Civil*, Opening to jury, Ordering verdict.

If the statements of the plaintiff's counsel in his opening to the jury at the trial of an action, taken as true, plainly fail to show a cause of action, a motion for a directed verdict for the defendant may be granted at the conclusion of the opening.

Alleged facts in an action against a householder by a child who was a social guest of the defendant, merely that the defendant knew that darts were lying loose on a table in a downstairs playroom to which the plaintiff and other children were sent to play and that one of the other children threw a dart which struck the plaintiff in the eye, did not show gross negligence on the part of the defendant.

TORT. Writ in the Superior Court dated October 15, 1964. The action was tried before *Mitchell*, J.

*Robert Cohen* for the plaintiffs.

*William H. Shaughnessy* for the defendant.

REARDON, J. The minor plaintiff seeks recovery for an injury sustained to her eye while she was a guest in the home of the defendant. The plaintiffs' declaration alleged injury

to the minor plaintiff by virtue of ordinary and gross negligence of the defendant. It also contained two counts for consequential damages suffered by the minor plaintiff's father as the result of the defendant's ordinary and gross negligence. At the conclusion of the plaintiffs' opening statement the judge, subject to the plaintiffs' exceptions, directed verdicts for the defendant on all the counts.

The plaintiffs' opening alleged the following facts. The male plaintiff, his wife, and their three children, the minor plaintiff aged three and two boys aged five and seven, arrived at the home of and at the invitation of the defendant for dinner on a Sunday afternoon about three o'clock. After some time "the suggestion was made that the children go downstairs to the playroom and play." The three Boyajian children and the son of the defendant, aged eleven, then went down to the playroom where they were the only ones present. After about ten or fifteen minutes one of the older boys returned upstairs reporting an accident to the minor plaintiff, stating, "Valerie got a dart in her eye." The dart which struck her came from a set which had been purchased by the defendant who knew that the darts were lying loose on a table in the playroom. "[T]he young boy who threw the dart was Valerie's brother, who was then aged seven."

In assessing the propriety of directing the verdicts we treat the statements of the plaintiffs' counsel as being true. *Singarella* v. *Boston,* 342 Mass. 385, 386. *Cohen* v. *Suburban Sidney-Hill, Inc.* 343 Mass. 217. "[I]f the opening plainly fails to show a cause of action the motion for a directed verdict may be granted." *Douglas* v. *Whittaker,* 324 Mass. 398, 399.

The minor plaintiff was a social guest. The opening statement showed no gross negligence. The plaintiffs could recover only on proof of gross negligence and the judge rightly directed the verdicts for the defendant. *Comeau* v. *Comeau,* 285 Mass. 578. *Meredith* v. *McLaughlin,* 342 Mass. 778. *Tomaino* v. *Newman,* 348 Mass. 433, 436.

*Exceptions overruled.*