SUSAN BEAUMONT *vs.* SAMUEL SEGAL & others.

Suffolk.   March 10, 1972. — June 5, 1972.

Present: TAURO, C. J., CUTTER, SPIEGEL, REARDON, & HENNESSEY, JJ.

*False Imprisonment. Assault. Public Officer. State Hospital. Negligence,* Doctor. *Practice, Civil,* Opening to jury, Ordering verdict. *Evidence,* Admissions and confessions.

On a motion in an action for a directed verdict at the conclusion of the opening to the jury by the plaintiff's counsel, statements in the opening might be binding admissions establishing a defence as a matter of law.   [32]

An action against the superintendent and staff psychiatrists of a State hospital for false imprisonment by reason of confinement of the plaintiff at the hospital for about two weeks could not be maintained where it appeared that the plaintiff's confinement at first was in conformity with G. L. c. 123, §§ 79 and 77, and it did not appear that there was unnecessary delay in discharging her.   [32–33]

The superintendent of a State hospital was a public officer who would not be liable for an alleged assault and battery upon an inmate by employees of the hospital asserted to be the superintendent's "agents and servants."   [33]

In an action against the superintendent and staff psychiatrists of a State hospital, nothing appeared to show negligence on the part of the defendants in connection with confinement of the plaintiff in the hospital for about two weeks.   [33]

TORT.   Writ in the Superior Court dated April 16, 1968.

The action was tried before *Forte,* J.

*Daniel Klubock* for the plaintiff.

*Christopher H. Worthington,* Assistant Attorney General, for Morris L. Sharp & others.

*Lionel H. Perlo* for Harlan Paine.

HENNESSEY, J.   This is an action of tort against four doctors arising out of the plaintiff's confinement at West-

borough State Hospital. A Superior Court judge allowed motions for directed verdicts as filed by all four defendants at the conclusion of the opening statement to the jury by the plaintiff's attorney. The judge reported the case to this court under the provisions of G. L. c. 231, § 111. We have before us in the report the complete opening statement together with a stipulation by all parties that they are the same parties involved in the case of *Beaumont* v. *Morgan,* 427 F. 2d 667 (1st Cir.), cert. den. sub nom. *Beaumont* v. *Aussenheimer,* 400 U. S. 882, in which judgments were entered for all defendants. The judge addresses to us in his report two specific questions, viz.: (1) whether the above cited case provides the defence of res judicata for the defendants, and (2) whether his rulings in directing verdicts on the plaintiff's opening were correct.

1. In view of the conclusions which we have reached below, we need not consider the first question addressed to us by the judge, viz.: whether the judgments entered in the Federal Court provide the defence of res judicata for the defendants.

2. In ruling on a motion for a directed verdict on the opening, the judge must take all statements in the opening as true, and in the light most favorable to the plaintiff, and if any reasonable view of the facts and rational inferences therefrom can be deemed sufficient to support the plaintiff's cause of action, the motion must be denied. *Singarella* v. *Boston,* 342 Mass. 385, 386, and cases cited. *Matranga* v. *West End Tile Co. Inc.* 357 Mass. 194, 196.

Applying this rule, we conclude that the judge properly directed verdicts for all defendants. The plaintiff's declaration, which was read to the jury in summary fashion, as part of the opening statement, consisted of nine counts, against four physicians. One of the physicians was identified in the opening as the superintendent of the Westborough State Hospital; two of them were stated to be staff psychiatrists at the same hospital; the fourth defendant (Dr. Paine) was described as a psychiatrist in private practice who did some consulting work

for the hospital. All counts of the declaration concerned a confinement of the plaintiff at Westborough State Hospital from July 3, 1967, to July 19, 1967. In various counts she asserted actions of false imprisonment and negligent malpractice against each of the defendants. She also claimed damages for assault and battery against the superintendent, Dr. Sharp, by reason of the conduct of his "agents and servants," who were employees at the hospital.

As to the defendant, Dr. Paine, verdicts were properly directed because plaintiff's counsel stated in his opening that the doctor was dead, and we perceive nothing in the record aimed at an appropriate substitution of parties.

As to the counts against the superintendent and the two staff psychiatrists asserting false imprisonment we conclude that the opening failed to state a case. The plaintiff correctly contends that the burden of showing justification for the confinement rested on the defendants. Restatement 2d: Torts, §§ 35, 120 (c). However, we also view the matter in light of the rule that statements in a plaintiff's opening may be binding admissions which serve to establish a defence as matter of law. *Kolas* v. *LaRochelle,* 270 Mass. 49, 53. *McMahon* v. *Lynn & Boston R.R.* 191 Mass. 295, 299. Cf. *Sluskonis* v. *Boston & Maine R.R.* 299 Mass. 413, 416. The opening stated facts to show that the plaintiff's initial confinement on July 3, 1967, was for ten days under G. L. c. 123, § 79, as that statute then appeared, and that her confinement after July 6, 1967, was under an order by a District Court judge for a temporary commitment for observation not to exceed forty days, under the terms of G. L. c. 123, § 77, then in effect, after a certificate signed by two examining physicians had been presented to the court. The opening statement detailed facts showing a compliance with the statute. Cf. *Morrill* v. *Hamel,* 337 Mass. 83, 85–86. It is of no assistance to the plaintiff that the opening asserted that there had been no notice and hearing, since there was no statutory requirement

for notice and hearing. Nor is the plaintiff aided by a statement that she was held until July 19, after one of the defendant physicians had asserted on July 14 that she was then ready for discharge. The contention in the opening that the period from July 14 to July 19 was an unnecessary delay in the plaintiff's discharge is not supported by factual assertion. For all that appears, the delay could have been caused by careful medical consultation and other procedure for the protection of the plaintiff and the public.

The opening statement also failed to state a case of assault and battery. This action is asserted only against Dr. Sharp, who is described as superintendent of the hospital and liability is alleged against him only by reason of the conduct of his agents and servants. As hospital superintendent, Dr. Sharp was a public officer and consequently not responsible for the misfeasance of his servants and agents under the doctrine of respondeat superior. *Trum* v. *Paxton*, 329 Mass. 434, 438. *Somers* v. *Osterheld*, 335 Mass. 24, 25–26.

Counsel also failed to state a case in negligence against any of the defendants. The superintendent and the two staff psychiatrists are public officers (see *Attorney Gen.* v. *Tillinghast*, 203 Mass. 539, 543–545) as shown by their description in the opening, and as such could be held liable only for misfeasance. The fact that it was determined that the plaintiff could safely be discharged on July 19 is no evidence that her confinement before that date was caused by negligent malpractice on the part of the defendants. In summary, the opening statement discloses that she was interviewed or examined by at least five different doctors, with the first examination occurring immediately upon her admission to the hospital. She was also interviewed in at least one appearance before a medical staff conference. The opening shows no intention of the plaintiff to introduce any expert testimony, by the defendants or other witnesses, from which negligence of the defendants could be inferred.

Although the language of the opinion in the case of *Beaumont* v. *Morgan,* 427 F. 2d 667 (1st Cir.), has no materiality in our consideration of the issues herein, we gain assurance, from a review of the detailed summary of the evidence in that opinion, that the failure of counsel here to state a sufficient case in his opening was not due to inadvertence, but was caused by the fact that appropriate evidence did not exist. There was also, in the trial of the Federal case, an ample showing of the plaintiff's conduct, and physical and mental condition, in justification of her confinement and treatment in the State institution.

3. We answer question (2) concerning whether the judge was correct in directing verdicts for the defendants, "Yes." Accordingly, judgments are to enter for the defendants as to all counts of the plaintiff's declaration.

*So ordered.*