ATHOS V. LONGO *vs.* REGISTRAR OF MOTOR VEHICLES (and a companion case[1]). December 27, 1973. By these two actions of tort (consolidated for trial in the Superior Court) the plaintiff sought to recover damages from the then Registrar of Motor Vehicles for wrongful suspension of the plaintiff's license to operate a motor vehicle. The trial judge directed verdicts for the defendant on the plaintiff's opening statement to the jury. There was no error. "The purpose of an opening statement is . . . to acquaint [the judge and jury] . . . with the specific case which has been previously described to them in a formal manner by a reading of the declaration." *Douglas* v. *Whittaker,* 324 Mass. 398, 399 (1949). See *Burns* v. *Barry,* 353 Mass. 115, 116-118 (1967); *Boyajian* v. *Kachadorian,* 357 Mass. 121, 122 (1970). Cf. *Beaumont* v. *Segal,* 362 Mass. 30, 31 (1972) (in which the plaintiff's declaration "was read to the jury in summary fashion, as part of the opening statement . . ."). After reading the declarations, the plaintiff stated that he "propose[d] to introduce" evidence that the plaintiff's license had been suspended on May 19, 1966, and reinstated on June 28, 1966, the defendant "conced[ing] that he had acted wrongly." The plaintiff further asserted that his license had been again suspended on December 7, 1967, and recited various administrative and judicial proceedings culminating in the case of *Longo* v. *Bd. of Appeal on Motor Vehicle Liab. Policies & Bonds,* 356 Mass. 24 (1969), which held invalid an indefinite suspension following the fifteen-day suspension of December 7, 1967. The damages he sought were stated to be "for his [the defendant's] acting in excess of authority." The statement of proposed evidence contains no indication that the defendant, a public officer acting under G. L. c. 90, § 22, had "act[ed] in bad faith, maliciously or corruptly." *Gildea* v. *Ellershaw,* 363 Mass. 800, 820 (1973). The opening statement "d[id] not disclose evidence which, if taken to be true, would justify the jury in finding for the plaintiff." *Wilkinson* v. *New England Tel. & Tel. Co.* 327 Mass. 132, 135 (1951). The directed verdicts on the opening were therefore proper. *Douglas* v. *Whittaker, supra,* at 399. *Beaumont* v. *Segal, supra.*

*Exceptions overruled.*

*Athos V. Longo,* pro se.
*Christopher H. Worthington,* Assistant Attorney General, for the Registrar of Motor Vehicles.

---

[1] The companion case was between the same parties.