KENNETH I. LAPRADE *vs.* H. S. GERE & SONS, INC. (and a companion case[1]). March 16, 1977. These are two actions of libel, each against a corporation which publishes a newspaper and which printed a letter by a candidate for town moderator attacking his opponent, the plaintiff. The trial judge on October 10, 1973, prior to the new rules of civil procedure, directed verdicts for the defendants on the plaintiff's opening statement to the jury. There was no error. The plaintiff concedes, as he must, the applicability of the standard enunciated in *New York Times* v. *Sullivan,* 376 U. S. 254, 279-283 (1964); *Ocala Star-Banner Co.* v. *Damron,* 401 U. S. 295, 300-301 (1971); *Priestley* v. *Hastings & Sons Publishing Co.* 360 Mass. 118, 122-123 (1971), and has alleged in his declarations "that the defendant either knew that said libel was false or published it with reckless disregard of whether it was false or not." We need not decide whether such conclusory pleadings would have withstood a demurrer under the old rules. See *Roketenetz* v. *Woburn Daily Times, Inc.* 1 Mass. App. Ct. 156, 159-160 (1973). Nor do we intimate in any way that the publications were defamatory. See *Borski* v. *Kochanowski,* 3 Mass. App. Ct. 269 (1975). Be that as it may, the plaintiff in his opening did no more than read the declarations and then rephrase, more or less accurately, the formulaic statement of the *New York Times* standard alleged in the declarations. The opening "d[id] not disclose evidence which, if taken to be true, would justify the jury in finding for the plaintiff." *Wilkinson* v. *New England Tel. & Tel. Co.* 327 Mass. 132, 135 (1951) ("Nowhere in the opening statement, . . . is there a sufficient allegation of facts from which the jury could infer or find any wilful or wanton misconduct on the part of the defendant"). See *Deltufo* v. *Morganelli,* 302 Mass. 604 (1939) ("Gross negligence as alleged in the second count is not shown by the [opening] statement"); *Aragona* v. *Parrella,* 325 Mass. 583, 587 (1950) ("There were no facts alleged in the plaintiff's opening from which the jury could find that the defendant was guilty of gross negligence"); *Beaumont* v. *Segal,* 362 Mass. 30, 33 (1972) ("The contention in the opening that the period from July 14 to July 19 was an unnecessary delay in the plaintiff's discharge is not supported by factual assertion").

*Judgments are to be entered in*
*accordance with the verdicts.*

The cases were submitted on briefs.
*Kenneth I. Laprade,* pro se.
*Robert J. Curley, William H. Welch & Stephen R. Kaplan,* for H. S. Gere & Sons, Inc., & another.

---

[1] Kenneth I. Laprade *vs.* Holyoke Transcript-Telegram Publishing Co., Inc.